# George R. Clark v. Charles W. Dawson, Appellant.

*Insurance—Beneficiaries—Children as a class.*

A policy of insurance was made out for the benefit of the wife of the insured, naming her, " and his children," without naming them. The policy further provided: " In case of the death of said beneficiary before or at the time of the death of the person whose life is assured, the amount of the assurance shall be payable at maturity " to the executors, etc., of the insured. In another clause it was specified that the sum assured should be paid " to the said beneficiary, or their executors." The insured had four children at the date of the policy. Two of these died during his lifetime unmarried and without issue. A case stated was framed between the executor of the insured, and the guardian of one of the two surviving children, to determine the ownership of one fourth of the fund. *Held,* that the court committed no error in awarding the fund in dispute to the guardian. The provision in the policy as to payment " in case of the death of said beneficiary " to the executors of the assured, refers to the death of all the beneficiaries, the context showing that while the word " beneficiary " was used in the singular, it intended to refer to the whole class, and no part of the insurance would go to the estate of the assured, unless during his life all the beneficiaries specifically provided for failed.

Argued Feb. 21, 1900. Appeal, No. 242, Jan. T., 1899, by defendant, from judgment of C. P. Lackawanna Co., March T., 1899, No. 184, on case stated. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the ownership of one fourth of a policy of life insurance.

ARCHBALD, P. J., filed the following opinion:

By the policy of insurance out of which this controversy grows the insurance company assured the life of the decedent, J. M. C. Ranck, " for the benefit of Emma D. Ranck [his] wife, and his children," without naming them, in the sum of $10,000. He had at the time four children, Hattie, Horatio P., Edward and John H., but at his death only two of them were living, his two children, Hattie and Edward, as well as his wife, having died before him.

By the further terms of the policy the insurance company promised and agreed " to pay the said sum assured . . . . to the said beneficiary or their executors, administrators or assigns

in sixty days after due notice and proof of death of the person" whose life was assured; and "in case of the death of the said beneficiary before or at the time of the death of the person whose life is assured, the amount of the assurance shall be payable at maturity to the executors, administrators or assigns of the said person whose life is assured." At the time of Mr. Ranck's death the policy was subject to charges and deductions which reduced it to $5,501. This sum was paid by the company to his executor and the question now is, to whom does it belong. There is no dispute as to one half of it, $2,750.50, which it is conceded belongs and has in fact been paid to the two surviving children, Horatio and John. But as to the other one half, representing the interests of the two children who predeceased their father, the executor contends that under the terms of the policy it belongs to the estate. This cannot be the case if the policy is either to be regarded as for the benefit of all the beneficiaries named in it, as a class, or if the interest given to each of them was a vested interest; in the one case, as each beneficiary dropped out the whole policy would stand for the benefit of those who remained; and in the other, as each of them deceased, his interest would pass to his personal representative. The position taken by the executor is based on the last clause of the section of the policy quoted: "In case of the death of the said beneficiary before or at the time of the death of the person whose life is assured, the amount of the assurance shall be payable at maturity" to the executors, administrators or assigns of the person insured. This clearly refers to the death of all the beneficiaries and not to the death of either one of them. While the word "beneficiary" is in the singular number, that it refers to the whole class is evidenced as well by the context as by the qualification used. The contingency provided for is the death of the "said beneficiary," that is to say not either one of them, but all, or in other words a total failure of those competent to take. If it read "beneficiaries," in the plural, there could be no controversy, and that is what we think it means. A similar mistake in the use of the singular for the plural is found in the first part of the same section where the company agrees to pay the sum assured "to the said beneficiary or their executors, administrators or assigns," etc., a confusion of number which is

clearly an error. The policy itself is not before us and we cannot, therefore, tell whether these mistakes arise from the printed parts of the policy or from carelessness in filling up the blanks left in it. From whatever source they come we are of the opinion that no part of the policy goes to the estate of the decedent unless during his life all the beneficiaries specifically provided for failed.

It will be noted that we do not undertake to say whether the interest of each beneficiary under the terms of the policy is a vested interest or whether one takes from the other by right of survivorship on account of the gift being to the whole of them as a class. Strictly speaking, perhaps, we ought to decide that question in order to determine whether the plaintiff as guardian of one of the children is entitled to recover. It does not necessarily follow that he would be, because of our holding that the money does not belong to the executor. There is another alternative and that is that the share of each child deceased should go to his administrator to be distributed upon the settlement of his estate to the parties entitled thereto. The case stated loses sight of this and only submits to us whether the guardian or the estate of the decedent is entitled to the one quarter spoken of. We are of the opinion that it does not belong to the estate, and we therefore give it to the guardian. This is a short cut to where it would ultimately go if our views are correct as to its not belonging to the executor, because each of the two surviving children would inherit from those deceased one half of the estate of the latter, and it injures no one to so award it instead of going into the question of vested interests and the right of survivorship, which the other course would involve. On that point we do not attempt to pass and these observations are made so that it may clearly appear that we have not.

Judgment is entered on the case stated in favor of the plaintiff for the sum of $1,375.25.

*Error assigned* was the judgment of the court.

*Vosburg & Dawson*, for appellant.—It is a familiar rule that when the beneficiary dies before the insured, the insurance belongs to the estate of the insured: Keller v. Gaylor, 40 Conn. 343; Johnson v. Van Epps, 110 Ill. 551.

It is the executor or administrator of the beneficiary who can claim the share of the beneficiary: Foster v. Gile, 50 Wis. 603.

A policy of insurance was made on the life of a wife, payable to her husband, his executors, etc. Held, that on the death of the wife, the proceeds of the policy went to the husband's estate; Hardy's Est., 12 Phila. 29.

*B. F. Tinkham,* for appellee, cited Thomas v. Prudential Ins. Co., 148 Pa. 594, Brown's App., 125 Pa. 303, Fleek v. Zillhaver, 117 Pa. 213, Walsh v. Mut. Life Ins. Co., 133 N. Y. 408, Bell v. Kinneer, 40 S. W. Rep. 686, Jackman v. Nelson, 147 Mass. 300, and Taylor v. Hill, 86 Wis. 99.

PER CURIAM, March 12, 1900:

The judgment in this case is affirmed on the opinion of the learned court below.