DIEHM, Curator of Estates of HARTUNG et al., Appellant, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

**St. Louis Court of Appeals, February 18, 1908.**

1. **INSURANCE: Beneficiaries: Descents.**   Section 4600, Revised Statutes of 1899, deals only with grants or devises of real estate and section 4613 deals only with devises of property, so that they do not regulate interests in insurance policies; but insurance policies are treated as analogous to testamentary dispositions.

2. ———: ———: **Vested Interests: Descendable Interests.** The interest of a beneficiary in the proceeds of an insurance policy is vested and descendable unless an intention to the contrary appears on the face of the policy.

3. ———: ———: ———: ———.   A life insurance policy provided that on the death of the insured the insurer would pay the sum mentioned in the policy to the "said beneficiary or their executors, administrators or assigns . . . in case of the death of said beneficiary before the death of the person whose life is assured, the amount of the assurance shall be payable at maturity to the heirs or assigns of the person whose life is assured." The policy was made payable to the wife of the insured and his children by her.   One of his children died before his death, leaving descendants, grandchildren of the insured.   The interest of the deceased child descended to her heirs.    [Overruling Schneider v. Northwestern Mutual Life Ins. Co., 33 Mo. App. 64.]

4. ———: ———: **Practice: Stare Decisis.**   The doctrine of *stare decisis* does not apply to the construction of an insurance policy written prior to a decision of the appellate court construing a similar policy, which decision was afterwards overruled by the Supreme Court.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds*, Judge.

REVERSED AND REMANDED.

*Rudolph Schulenburg* for appellant.

*Walter Diehm pro se.*

(1) A beneficiary in a life insurance policy has a vested interest in the same from the moment it is issued. Blum v. Insurance Co., 197 Mo. 514; U. S. Casualty Co. v. Kacer, 169 Mo. 301; Bank v. Hume, 128 U. S. 206; 3 Am. and Eng. Ency. Law (2 Ed.), p. 980. (2) Where a policy of insurance is by its terms made payable to more than one beneficiary and one or more of the beneficiaries dies before the person whose life is insured, the share which such deceased beneficiary would have taken had he survived the assured, will go to the heirs of such predeceased beneficiary. R. S. 1899, sec. 4613; Bell v. Hay, 46 Mo. 546; Shields v. Sharp, 35 Mo. App. 178; Insurance Co. v. Palmer, 42 Conn. 60, 19 Am. 530; Insurance Co. v. Durham, 46 Conn. 79; Libby v. Libby, 37 Me. 359; Hutson v. Merrifield, 51 Ind. 24; Chapin v. Fellowes, 36 Conn. 132; Glenn v. Burns, 100 Tenn. 295; Hull v. Insurance Co., 62 How. Pr. 100; Hooker v. Sugg, 102 N. C. 115, 3 L. R. A. 216, 8 N. E. 919; Millard v. Brayton, 177 Mass. 543, 52 L. R. A. 117; Voss v. Insurance Co., 119 Mich. 161, 44 L. R. A. 689; In re Estate of Conrad, 89 Iowa 396, 48 Am. St. Rep. 396; Johnson v. Hall, 55 Ark. 210; Smith v. Insurance Co., 68 N. H. 405; Insurance Co. v. Fish, 59 N. H. 126. (3) A policy of life insurance being a post mortem provision for persons dependent upon the assured, it is to be interpreted upon principles applicable to wills and should be liberally construed so as to include persons presumably the objects of the assured's bounty. McDermott v. Life Assn., 24 Mo. App. 73; Scull v. Insurance Co., 132 N. C. 32, 60 L. R. A. 616. (4) Respondent invokes the doctrine or rule that in case of the disposition of an estate, whether by will or otherwise, made to a class of persons, though as tenants in

common and not as joint tenants, in case of the death of one or more of the devisees before that of the testator or grantor, the survivors shall take the whole property. Such was the old English common law rule, and it was so held to apply in the case of Crecelius v. Horst, 9 Mo. App. 51, under the particular facts of that case, and was affirmed in same case, 78 Mo. 566 (1883), although Judges HENRY and SHERWOOD refused to concur in approving the decision and no reference or discussion having been made in this case of the section of the Missouri statutes above quoted and then in existence in the same language. Such rule, however, was not then the law of Missouri, nor is it now. As early as 1853, in Guitar v. Gordon, 17 Mo. 408, and in 1870, Bell v. Hay, 46 Mo. 548, the above common law doctrine was not adhered to, but was repudiated by the Supreme Court for the reason and on the grounds that the above quoted statute (then Wagner's Statutes, page 1366, sec. 11), had changed the common law rule. While conflict of opinion may thus appear between the decisions of the Supreme Court and the Court of Appeals, the doctrine has become settled by Lemmon v. Reynolds, 170 Mo. 227, Judge MARSHALL, with the concurrence of all the judges, says in this case: "The conclusion of the trial court was largely induced by the case of Crecelius v. Horst, 9 Mo. App. 51; Ibid, 78 Mo. 566.

*John W. Noble* for respondent.

The policy is known in the defendant's business offices as the "Schneider" policy because it in terms is the same as that construed by your Honorable Court of Appeals in the case of Schneider against this same defendant in 1888. This case is reported in 33 Mo. App. 64. If the court, however, deems it best to pursue this inquiry farther, we submit that the construction announced in the Schnieder case has met approval in the highest judicial tribunals of our country. It is cited with

approval in Clark v. Dawson, 195 Pa. St. 137; Benefit Association v. Hoffman, 110 Ill. 607; State v. Gas Light Co., 102 Mo. 472. That decision was made by the court having ultimate jurisdiction over the parties and subject-matter of this particular form of contract, and the law as by this court announced entered into the present contract as a part thereof.    Parks v. Insurance Co., 26 Mo. App. 511; and this is the recognized law; 17 Am. and Eng. Ency. Law (2 Ed.), p. 26.

GOODE, J.—A demurrer was sustained to the petition in this case, which is an action on a policy of insurance brought by Walter Diehm, curator of the estates of John Paul, Johanna, and John Alexander Hartung, minors.    It appears from the petition that the defendant company in 1869, wrote a policy of insurance on the life of Charles Wesler, "for the benefit of Caroline Wesler, his wife, and his children by her, in the sum of $5,000 for the term of his natural life."    Charles Wesler died July 5, 1903, leaving his wife Caroline and four children and three grandchildren. The grandchildren are the wards of the plaintiff, and were the children of Isabella Hartung wife of John Hartung. Isabella Hartung was the fifth child of the insured and was living at the time the policy was issued, but died September 23, 1902, before the death of her father Charles Wesler. On the death of the insured the company paid the full amount of the policy ($5,000) to his widow Caroline and his four surviving children. The plaintiff, as curator of said minor children, brought this suit to recover a one-sixth interest to which he claims his wards are entitled under the policy; that is, the interest which their mother would have received had she survived. The provisions of the policy are before us and are to be construed as part of the petition in passing on the case. The policy provided that in consideration of the premium named,

the defendant company insured the life of Charles Wesler, a merchant of St. Louis, county of St. Louis and State of Missouri, for the benefit of Caroline Wesler, his wife, and his children by her in the sum of $5,000 for the term of his natural life. Further, that the company promised and agreed "to pay said sum, at its office to the said beneficiary or their executors, administrators, or assigns, in sixty days after due notice and proof of death of the said person whose life is hereby assured . . . In case of the death of the said beneficiary before the death of the person whose life is assured, the amount of the assurance shall be payable at maturity to the heirs, or assigns of the said person whose life is assured." A policy not materially different in its provisions from the one before us was issued by the same company and was interpreted by this court in Schneider v. Northwestern Mutual Life Ins. Co., 33 Mo. App. 64. That policy was issued on the life of Charles Schneider for the benefit of Louisa Schneider, wife, and his children in the sum of $2,000 for the term of his natural life. It further provided that "in case of the death of the said beneficiary before the death of the person whose life is assured, the amount of the assurance shall be payable, at maturity, to the heirs or assigns of said person whose life is assured." Schneider died leaving surviving him his wife, Louisa Schneider, but no children. His heirs were some brothers and sisters living in Germany. The widow claimed the full amount of the policy. Schneider had four children born to him after the issuance of the policy, but they all died before he did. The company insisted that the heirs of Schneider, his mother, brothers and sisters, were entitled to participate in the proceeds of the policy and that the widow did not take the entire interest as survivor of the children who were named as beneficiaries with her. She insisted to the contrary. In disposing of the question Judge THOMPSON reasoned

about the meaning of the policy and held it was the intention of the insured to provide, not for his brothers and sisters, but for his immediate family; and hence, when his children died, his intention and the meaning of the contract rightly understood, could be carried out only by giving his widow the whole amount. The opinion applied by analogy the doctrine declared in Crecelius v. Horst, 9 Mo. App. 51, 78 Mo. 566, that where a disposition of property is made to a class, though as tenants in common and not as joint tenants, the death of one or more of the devisees, before the death of the testator, will not cause a lapse, but the survivors will take the whole property. That case was decided without reference to the Missouri statute on the subject, which expressly declares that every interest in real estate granted or devised to two or more persons other than executors and trustees and husband and wife, shall be a tenancy in common unless expressly declared in the grant or devise to be in joint tenancy. [R. S. 1899, sec. 4600.] We also have a statute which says that if an estate be devised to a child, grandchild or other relative of the testator, and such devisee dies before the testator leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done if he had survived the testator. [R. S. 1899, sec. 4613.] Crecelius v. Horst, was overruled in Lemmons v. Reynolds, 170 Mo. 227, 71 S. W. 135, as being in contravention of the statute first cited. The two statutes in question do not regulate interests in insurance contests; for the first statute deals only with grants or devises of real estate and the second only with devises of property. But it is true insurance policies have been treated as somewhat analogous to testamentary dispositions. [Continental Ins. Co. v. Palmer, 42 Conn. 60.] Not only has Crecelius v. Horst been overruled by the Supreme Court, but its application by analogy as a precedent in cases like the

Schneider case, would be opposed to the later decisions in insurance cases, wherein it was held the beneficiary of a regular insurance policy takes a vested interest in it from the time the policy is issued, and, further, that the interest is transmissible according to the laws governing the devolution of property. [U. S. Casualty Co. v. Kaiser, 169 Mo. 301, 315.] Moreover, the great weight of authority is in favor of the proposition that such vested interest in the beneficiary, unless there are words of restriction in the policy, descends, in case of his death, to his heirs. A few authorities may be found in favor of the soundness of Judge THOMPSON's interpretation of the Schneider policy. [U. S. Trust Co. v. Insurance Co., 115 N. Y. 152; Insurance Co. v. Webb, 54 Ala. 688, 702.] The question after all is, what was the contract between the company and the insured with reference to the proceeds of the policy? Though such an interest as a beneficiary has in the proceeds of a policy is ordinarily transmissible as well as vested, the policy may be worded so as to make it a vested but not a transmissible interest, if the insured desired. Hence the inquiry may arise whether the insured wished to provide, and had the policy drawn in language to carry out his wish, that in case of the death of one or more of his children before he died, the interest of such child or children, should not descend to its or their heirs. It must be held the intention is for it to descend, unless the contrary appears on the face of the policy, because such is the general course of property. It was stipulated in the policy before us that the company should pay the insurance money to the beneficiaries named, or to their executors, administrators or assigns; and this argues against the view that in case of the death of the named beneficiaries, the surviving beneficiaries should take the whole fund; and we have no doubt that according to the decisions in this State, and most others, the interest in the insurance of the deceased mother of

the wards of the plaintiff descended at her death to her children.    The authorities and reasoning on which the opinion in the Schneider case was rendered, having been overruled and rejected by the Supreme Court in later decisions, and particularly in U. S. Cas. Co. v. Kaiser, supra, those later decisions control the disposition of this cause.    If the present policy had been written subsequent to the judgment in the Schneider case, we might hold the rule therein declared became part of the contract and was understood to be by the parties. But the policy was written before, and to apply the doctrine of *stare decisis,* we would be bound to deprive the wards of the plaintiff of a property interest, which, by the decisions of the Supreme Court, belongs to and is vested in them.    The Schneider case will be overruled, and the judgment herein reversed and the cause remanded to be disposed of according to this opinion. All concur.