## WHARTON *et al.* v. DREWRY *et al.*

A policy of insurance provided as follows: The life of the assured is insured "for the benefit of Mary B. Wharton, his wife, and his children." The insurer promises to pay the amount of the policy "to the said beneficiary, or their executors, administrators, or assigns." . . "In case of the death of the said beneficiary, before or at the time of the death of the person whose life is assured, the amount of the assurance shall be payable, at maturity, to the heirs or assigns of the said person whose life is assured." At the time the policy was issued, the wife and two children of the assured were living. The assured left surviving him the wife and one of these children; the other child, prior to the death of the assured, having died intestate and without assigning his interest in the

policy. *Held,* that the wife and children, as the only heirs at law of the deceased child of the assured, were entitled to one third of the amount of the policy.

JANUARY 11, 1911.

Interpleader. Before Judge Bell. Fulton superior court. January 29, 1910.

*Etheridge & Etheridge,* for plaintiffs. *E. Marvin Underwood* and *Candler, Thomson & Hirsch,* for defendants.

HOLDEN, J. Rev. M. B. Wharton held a policy of insurance on his life in the Northwestern Mutual Life Insurance Company, for $5,000. The policy stated that it was for the benefit of his wife and his children. The assured had two children when the policy was written. Upon his death, his wife and one child survived him. The Insurance Company paid to the surviving wife and child two thirds of the amount of the policy; and refusing to pay to them the remaining one third, they brought suit against it therefor. An answer was filed by the Insurance Company, suggesting that the remaining third might belong to the widow and two minor children of a son of the assured who had predeceased his father, and it paid the remaining amount due under the policy into court; the court ordering that the widow and children named be made parties and interplead with the plaintiffs to determine who was entitled to the fund. They filed answer making claim thereto, and the court, sitting as judge and jury upon an agreed statement of facts, awarded them the fund in controversy. To this judgment the plaintiffs excepted.

The policy provided that the life of Wharton was insured "for the benefit of Mary B. Wharton, his wife, and his children, in the amount of five thousand dollars," and that the insurer agreed to pay this sum "to the said beneficiary, or their executors, administrators, or assigns." The policy further provided, "In case of the death of the said beneficiary, before or at the time of the death of the person whose life is assured, the amount of the assurance shall be payable, at maturity, to the heirs or assigns of the said person whose life is assured." The above provisions are the only ones material to be considered in determining the question involved. It is clear from the provisions of the policy that the word "beneficiary" used therein was intended to include all the beneficiaries named. The use of the word "their" (which in the policy was written in ink, the remainder of the sentence in which it occurs

appearing in print) indicates this to be true, and we think the word "beneficiary" was intended to include all the beneficiaries wherever used in the provisions above quoted. The provision in the policy that "In case of the death of the said beneficiary" before the death of the assured, "the amount of the assurance shall be payable, at maturity, to the heirs or assigns of" the assured, did not mean that the amount due on the policy at the death of the assured should be paid to his "heirs or assigns" if his wife or any one of his children died before he died. This provision meant that such amount should be paid to "his heirs or assigns" only in the event he did not leave either wife or child surviving him, and was operative only in the event his wife and all of his children died before he died. The meaning of the policy is that if one of the beneficiaries named in the policy died before the assured, the interest which such beneficiary would have been entitled to if in life at the death of the assured should go to the "executors, administrators, or assigns" of such deceased beneficiary. Unless this construction is given, we do not see that any proper effect or meaning can be given to the provision in the policy that it shall be payable "to the said beneficiary, or their executors, administrators, or assigns." This provision contemplates that it shall have effect if any less than all of the beneficiaries die; as it makes the policy payable to the said beneficiary, *or their executors, administrators, or assigns,* and as the clause to the effect that in the case of death "of the said beneficiary" before the death of the assured, the amount of the insurance shall be payable "to the heirs or assigns" of the assured, makes provision as to how the amount of the policy shall be paid if *all* the beneficiaries should die before the death of the assured. The provision that the insurer would pay "to the said beneficiary, or their executors, administrators, or assigns," must have been intended to provide to whom the share of a deceased beneficiary should be paid in the event one or more of the named beneficiaries died before the assured and left one or more of the other beneficiaries surviving. We deem it unnecessary to discuss the general rules of law regarding the vested interest of beneficiaries in a policy of life insurance; as we think the meaning of the policy is as above stated, and effect must be given to the intention of the assured and insurer as expressed in the policy. The court committed no error in awarding one third of the amount of the policy to the heirs at law of the

deceased child of the assured.  See, in this connection, *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393) ; Diehm *v.* Insurance Co., 129 Mo. App. 256 (108 S. W. 139) ; Clark *v.* Dawson, 195 Pa. St. 137 (45 Atl. 674).

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*