JOHN ALEXANDER HARTUNG, a Minor, by Next
Friend, WALTER DIEHM, Administrator, and
JOHANNA MATILDE HARTUNG, Appellants,
v. NORTHWESTERN MUTUAL LIFE IN-
SURANCE COMPANY, Respondent.

**St. Louis Court of Appeals. Argued and Submitted April 7, 1913.
Opinion Filed May 6, 1913.**

1. INSURANCE: Action on Policy: Venue. An action on an
insurance policy is transitory and may be instituted anywhere
that service can be had on insurer.

2. ————: Foreign Company: Action on Policy: Venue. Under
Sec. 7043, R. S. 1909, an action against a foreign insurance
company may be instituted in any court in the state.

3. EXECUTORS AND ADMINISTRATORS: Guardians and Cura-
tors: Jurisdiction: Foreign Decedent or Ward: Insurance. The
probate court of the domicile of a person whose life was in-
sured had authority to appoint an administrator of the estate
of a deceased grandchild and a curator for an infant grand-
child of insured, beneficiaries under the policy, notwithstanding
both grandchildren were nonresidents of this State, and such
administrator and curator had the right to maintain suit
against the insurer on the policy.

4. PLEADING: Exhibits. With the exception of an action on an
account, in which case the account filed may, under Sec. 1832,
R. S. 1909, be considered as part of the petition, an exhibit
attached to the petition cannot be considered on demurrer.

5. APPELLATE PRACTICE: Former Decision: Law of Case.
The opinion of an appellate court is the law of the case, and
is not to be overturned unless under such circumstances and
on such considerations as would compel the court to hold,
on a subsequent appeal, that it was rendered under mistake
of the law—and not always then.

6. LIFE INSURANCE: Designation of Beneficiaries: Construction
of Policy. A life insurance policy for the benefit of the widow
and children of insured, which stipulates that insurer will pay
to the "beneficiary or their executors or administrators" the
amount of the policy, and in case of the death of the "said
beneficiary before the death of" insured, the amount shall be
paid at maturity to the heirs or assigns of insured, designates
the beneficiaries as a class, and there is no divestiture unless

174 Mo. App.—19

all of the class die prior to the death of insured; and hence where one insured by such a policy died, leaving a wife and four children, and grandchildren of a deceased child who was living at the time the policy was issued but who died before insured ·died, the one-sixth interest of the deceased child in the proceeds of the policy passed to her husband' and chil-dren.

7. ———: Action on Policy: Parties: Joinder. The grandchildren of an insured in a life policy, who, on the death of insured, took, by descent and purchase, their deceased mother's vested interest as beneficiary under the policy, could jointly main-tain an action against the insurer to recover that interest;

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

REVERSED AND REMANDED (*with directions*).

*Rudolph Schulenburg* and *Walter Diehm* for ap-pellants.

(1)   The curator herein was lawfully appointed and the St. Louis Probate Court acted entirely within its jurisdiction in making the appointment. Sec. 3488, R. S. 1899 (under which it was then proceeding) now Sec. 414, R. S. 1909. (2)   But even if this were not so, the judgment of a probate court is not open to collateral attack. Crohm v. Modern Woodmen of America, 129 S. W. 1069; Carter v. Carter, 141 S. W. 873; Cox v. Boyce, 152 Mo. 576; Woerner on Guardian-ship, p. 111. (3)   An action upon a policy of insur-ance is not local, but transitory, and may be brought wherever the defendant may be served without refer-ence to the citizenship of the parties or location of the property. 2 Wharton Conflict ·Laws, p. 1048. And this right cannot be contracted away. Reichard v. Life Ins. Co., 31 Mo. 518. (4)   The action on a life insurance policy accrues in the county where the in-sured died. In the instant case, the insured died in St. Louis where also he had resided before his death. Life Ins. Co. v. Shelton, 84 Mo. App. 634; Rippstein

v. Insurance Co., 57 Mo. 86. (5) A beneficiary in a life insurance policy has a vested interest in the same from the moment it is issued. Shields v. Sharp, 35 Mo. App. 178; Blum v. Life Ins. Co., 197 Mo. 513; Casualty Co. v. Kacer, 169 Mo. 301; Bank v. Hume, 128 U. S. 195. (6) In three cases involving the construction of a policy containing clauses identical with the one in suit, the courts have decided that where the policy provides that the insurance shall be payable "to the said beneficiary or their executors, administrators or assigns, etc.," but contains a clause that "In case of the death of the said beneficiary, before the death of the person whose life is assured, the amount of the assurance shall be payable to the heirs or assigns of said person whose life is assured," that the last quoted clause is only to be invoked in case of a total failure of beneficiaries, and that the interest of a beneficiary who died before the assured, descends to his heirs. Diehm v. Life Ins. Co., 129 Mo. App. 256; Clark v. Dawson, 195 Pa. 137; Wharton v. Drewry, 135 Ga. 587. (7) A policy of life insurance being a post mortem provision for persons dependent upon the assured, is to be interpreted upon principles applicable to wills and should be liberally construed so as to include persons presumably the objects of the assured's bounty. McDermott v. Life Assn., 24 Mo. App. 73; Scull v. Life Ins. Co., 132 N. C. 32, 60 L. R. A. 616.

*Stonewall J. Walton* for respondent.

REYNOLDS, P. J.—This is the second appeal in this case. The view which our court took of it will be found under the title of Diehm, Curator of Estates of Hartung et al. v. Northwestern Mutual Life Insurance Co., 129 Mo. App. 256, 108 S. W. 139. The point in decision in that case was that the interest of a beneficiary in the proceeds of an insurance policy is

vested and descendible unless an intention to the contrary appears on the face of the policy, and so holding, the trial court having sustained a demurrer to the petition in the case and rendered judgment for the defendant, we reversed the judgment and remanded the cause. On reaching the trial court an amended petition was filed, the only change, however, being in the names of the parties plaintiff, one of them having died, another attaining majority, and the third suing by curator, claiming appointment from the probate court of the city of St. Louis. On the cause reaching that court, an answer was interposed, setting up that the company had paid the amount in full to the widow and surviving children of the beneficiary and that on this payment the policy was cancelled and surrendered to the defendant; denying the validity of the appointment of the administrator of the deceased daughter of the beneficiary, Mrs. Isabella Hartung, and of the appointment of a curator for her minor children, and setting up that Mrs. Hartung, the daughter of the insured, had died before his death; averring that by the terms of the policy, on the death of this daughter prior to the death of her father, whatever interest she may have had as a beneficiary in the policy was divested by her death prior to the death of her father, and that her husband and children took no interest whatever in the fund. Various denials of the domicile and residence of the minor plaintiffs were made but in the view we take of the case they are not material to be set out.

The reply took issue on the affirmative allegations of the answer, admitting however payment of the amount of the policy in full to the widow and four surviving sons and daughters of the insured.

The cause was submitted to the court, a jury being waived, on an agreed statement of facts, some documentary evidence also being offered not necessary to notice in the view we take of the case.

By the policy of insurance here involved, it is contracted that the defendant company ''doth assure the life of Charles Wezler, a merchant of St. Louis, in the county of St. Louis, State of Missouri, for the benefit of Caroline Wezler, his wife, and his children by her, in the amount of $5000, for the term of his natural life. And the said company doth hereby promise and agree to pay the said sum assured, at its office, to the said beneficiary or their executors, administrators or assigns, in sixty days after due notice and proof of death of the said person whose life is hereby assured. . . . In case of the death of the said beneficiary, before the death of the person whose life is assured, the amount of the assurance shall be paid at maturity to the heirs or assigns of the said person whose life is assured.''

. As is stated in the report of the case when here before, the deceased died, leaving a widow and four sons and daughters surviving him, one daughter, Mrs. Isabella Hartung, who was married and living in Germany, having died prior to the death of her father, leaving surviving her her husband and three children. Administration was taken out in the probate court of the city of St. Louis on the estate of Mrs. Hartung and a one-sixth interest in this policy was inventoried and taken up by the administrator as of her estate, and payment of that demanded of the defendant and refused. Administration was duly closed on the estate of Mrs. Hartung, the administrator being ordered to distribute to her heirs the assets in his hands. He did this, among other assets turning over to those heirs, that is the husband and the three children, the claim against this company for one-sixth of this $5000 policy. Subsequently the father assigned all of his interest to his three children and this present suit is by one of those children, who has attained majority, by the administrator of another, who is dead, and by the curator, as before

stated, of the third child, a minor, all of whom appear to have always been and are now residents of Germany, although proof was offered, but rejected, that the father was a naturalized citizen of the United States but domiciled in Germany.

The jurisdiction of the probate court of the city of St. Louis to appoint a curator for the children, or for that matter to appoint an administrator for the estate of the mother, the estate of all of them consisting, among other things, of this interest, is attacked as void. We cannot agree to this contention. Actions against insurance companies on their policies are transitory and may be instituted anywhere that service can be had upon the corporation. Their claim to an interest in this policy was the claim of a debt. It has been decided in several cases that debts have no situs but may be attached or followed in a State other than that in which the debtor is a resident, if the fund or assets of the debtor can be there found, and that action may be brought to recover the debt in any court in which jurisdiction can be had over the person of the debtor. [Wyeth Hardware & Mfg. Co. v. Lang & Co., 127 Mo. 242, 29 S. W. 1010; Howland v. Chicago, R. I. & P. Ry. Co., 134 Mo. 474, 36 S. W. 29; Western Stoneware Co. v. Pike County Mineral Springs Co., Vandeventer Trust Co., Garnishee, 172 Mo. App. 696.] Action may be instituted against a foreign insurance company, as is defendant, in any court in the State. [R. S. 1909, sec. 7043; Stone v. Travelers' Ins. Co., 78 Mo. 655.] We have no doubt whatever as to the jurisdiction of the probate court to make the appointment of the administrator and the curator here involved.

The effect of our opinion in Diehm v. Northwestern Mutual Life Ins. Co., supra, which is this case under another title, is challenged as not binding for the reason, as it is said, that when this case was before us on that occasion, what is called the "divestiture clause" of this policy, that is, "In case of the

death of the said beneficiary, before the death of the
person whose life is assured, the amount of the as-
surance shall be paid at maturity to the heirs or
assigns of the said person whose life is assured," was
not before the court. It is true that the case when
formerly here went off on demurrer to the petition.
But it is equally true that in considering that demurrer
our court had before it this identical policy and these
particular provisions in it, including what is called
this "divestiture clause." Whether the policy was
incorporated in full in the petition or this clause of
it pleaded, we are unable to determine from a report
of the case. That was probably the fact, for if the
policy was a mere exhibit, it is hardly to be supposed
that, not being an action on an account, in which case
the account filed may be considered on demurrer (R.
S. 1909, sec. 1832; Garnett & Allen Paper Co. v. Mid-
land Publishing Co., 156 Mo. App. 187, l. c. 196, 136
S. W. 736), it was not before our court on a demurrer
to the petition, unless embodied in the petition in some
way other than as an exhibit. [Kern v. South St. Louis
Mut. Ins. Co., 40 Mo. 19; Pomeroy v. Fullerton, 113
Mo. 440, 21 S. W. 19; Haase & Sons Fish Co. v. Mer-
chants' Despatch Transportation Co., 143 Mo. App.
42, l. c. 56, 122 S. W. 362.] However that may have
been, at this present trial the policy was put in evi-
dence and is before us. Whether it was before our
court in the Diehm case in proper form, is not now
material, for it is clear that this clause was distinctly
set out by Judge Goode, who wrote the opinion, and
it is the construction of that clause of the policy that
was directly adjudicated in this same case and between
these same parties or their privies. The opinion and
judgment then rendered by us became the law of this
case and is not to be overturned unless under such
circumstances and on such consideration as would
compel us to hold that it was rendered under mistake

of the law; not always then. That we are not inclined to do.

It is now urged by the learned counsel for the respondent that that decision is in conflict with and was overturned by the decision of the Supreme Court in Andrus v. Fidelity Mutual Life Ins. Assn., 168 Mo. 151; 67 S. W. 582, and that it was on that view of the case the learned trial judge found for respondent, defendant below. We do not think the Andrus decision overturns the Diehm case. It is further to be said that the view of the law as applicable to almost identical clauses in other policies which was taken by our court in the Diehm case, was adopted by the Supreme Court of Pennsylvania in Clark v. Dawson, 195 Pa. St. 137, and by the Supreme Court of Georgia in Wharton v. Drewry, 135 Ga. 587.

On the authority of our decision in the Diehm case, we hold that the mother of these children took a vested interest in and to one-sixth of the amount here involved and that on her death it went to her husband and children; that it was not divested by her death prior to the death of her father, the assured. We further hold that the designation of the beneficiaries is as a class; that there would be no divestiture unless all of that class had died prior to the death of the assured. Support is given to this view by the words of this clause in the policy, namely, payment is to be made within sixty days after due notice and proof of death of the assured, "to the *beneficiary*" (mark the use of the singular here, not plural), "or *their* executors, administrators or assigns." The assured must have had in mind the possibility of the death of one or more of the designated beneficiaries before his death, and he provides that if this occurs, their executors, administrators or assigns take. Then when we come to what is called the "divestiture clause," the language is: "In case of the death of the said *beneficiary*" (singular again), . . . "the

amount of the assurance shall be paid at maturity to the heirs or assigns of the said person whose life is assured.'' This leads to the conclusion that the first takers are designated as a class, and that the divestiture only occurs, if even then, when all of the members of the class had died prior to the death of the assured. The husband of Mrs. Hartung assigned his interest to the children and they are entitled by descent or purchase to the whole of the interest of their mother. The Andrus case, supra, is authority for the proposition that they may jointly sue to recover that interest.

The judgment of the circuit court in the case at bar must be reversed and the cause remanded with directions to that court to enter up judgment in favor of plaintiffs for one-sixth of the amount of the policy sued on and interest. It is so ordered. *Nortoni* and *Allen, JJ.,* concur.