## INDEMNITY TO BENEFICIARIES UNDER A POLICY OF INSURANCE PLEDGED FOR A LOAN.

Court of Appeals for Hamilton County.

HENRIETTA D. SCHUERMANN, EXECUTRIX OF THE ESTATE OF
CHRISTIAN F. SCHUERMANN, DECEASED, v.
HENRIETTA TWACHTMAN ET AL.

Decided, January 31, 1916.

*Life Insurance—Policy Pledged by the Insured for a loan Which was Not Repaid—Beneficiaries Who Satisfied the Debt Entitled to Indemnity.*

Beneficiaries under a policy of life insurance, who have been compelled to pay a loan which the insured by pledging the policy obtained for his own use and benefit, are entitled to judgment against the estate of the insured for the amount of the debt so satisfied.

*L. D. Oliver,* for plaintiff in error.
*Long & Paxson,* contra.

JONES (Oliver B.), J.

This cause was decided in the court below upon a general demurrer to the petition. Defendant there not desiring to further plead, on the overruling of this demurrer judgment was entered for plaintiffs.

The petition states that in each cause of action money was borrowed by defendant's intestate Christian F. Schuermann for his sole use and benefit, from the Mutual Life Insurance Company, under an agreement to repay same signed not only by himself but also by his children, W. H. Schuermann and Elizabeth Schuermann Twachtman, neither of whom received any part of said consideration and who were then the only beneficiaries of the insurance policy which was by the terms of said agreement then assigned to the company as collateral security for the payment of said loan; that Elizabeth Schuermann Twachtman died January 26, 1908, leaving surviving her the following named children: George Twatchman Henrietta

Twachtman, Elizabeth Twachtman and Willie Twachtman, and Christian F. Schuermann died November 15, 1913; that by reason of the failure of Christian F. Schuermann to repay said loan according to the terms of said agreement, plaintiffs Henrietta Twachtman, Elizabeth Twachtman and Willie Twachtman, George Twachtman and William H. Schuermann were compelled upon the death of Christian F. Schuermann to pay out of the proceeds of said policy of insurance in the first cause of action the sum of $1,658, and in the second cause of action the sum of $1,436, to the Mutual Life Insurance Company; that the said George Twachtman duly assigned his claim therein to the plaintiff; and that by reason of said facts plaintiffs have been damaged to the extent of $829 and $718 respectively—making together the sum of $1,547, for which judgment was prayed.

It was alleged in the petition that William H. Schuermann had an equal interest with plaintiffs, and had on request refused to join with them as plaintiffs and had therefore been made a defendant. Plaintiffs claim as representing the half interest of their mother, who with her brother became surety for the debt of their father, the insured, to have paid such debt and ask to be reimbursed for such payment out of the estate of the principal debtor.

It is well settled that where property is mortgaged or pledged by its owner, to secure the debt of another, such property occupies the position of a surety or guarantor, and if such property is taken to satisfy the debt the owner may recover indemnity from the principal debtor. *1 Brandt on Suretyship & Guaranty,* 3d Ed., Section 43.

The demurrer admitting that the debt to the insurance company was the debt of Christian F. Schuermann and that it was in part paid by plaintiffs, it follows that they were entitled to recover from his estate so much of the debt as they were compelled to pay, and the judgment was properly rendered for plaintiffs.

Plaintiff in error, however, contends that the proceeds of the insurance policy should have been paid entirely to William H. Schuermann and not one-half to him and one-half to the chil-

dren of Elizabeth Schuermann Twachtman. In other words, it is contended that the words of the policy under which the company upon the death of the insured agrees to pay the amount named therein to Henrietta Schuermann as the "assured for her sole use, if living, in conformity with the statute, and, if not living, to her children or their guardian, for their use," must be construed so as to confine such payment strictly to the "children" of said Henrietta, and can not be construed as including "grandchildren" to let in the children of her daughter Elizabeth Schuermann Twatchman.

The conclusion contended for would make William H. Schuermann the sole beneficiary of the policies, and thus a question might have been raised between him and plaintiffs below as to who was entitled to the proceeds of the policies. But it seems he has made no such claim, and it would hardly be in the power of plaintiff in error to assert such a claim for him. If she might have raised such a question in this case, it must have necessarily been done by answer, and in our view she has failed to do so by demurrer to the petition as filed herein.

The question as to whether the grandchildren would have been entitled to participate in the proceeds of the policies, if such right had been challenged by their uncle; is not entirely free from doubt. Each of these policies is an Ohio contract and would be governed by the laws of Ohio. *Plaut* v. *Insurance Co.,* 4 C.C.(N.S.), 94.

Counsel for plaintiff in error rely upon *Ryan* v. *Rothweiler,* 50 O. S., 595. We can not regard it as an authority for the reason that there the wife and only child, and the only child of that child, all died before the husband and father who was the insured, and the policy was held to enure to the benefit of the estate of the insured under the principle covered by Section 9399, General Code.

Reliance is also placed upon the two unreported cases of *Frank* v. *Bauman,* 54 O. S., 621, and *Dovel* v. *Dovel,* 69 O. S., 576. Each of these cases is stated in the report to have been decided on the authority of *Ryan* v. *Rothweiler.* Notes in regard to the first of these cases are found in 35 W. L. B., 59, and copies of

the printed record and briefs used in the Supreme Court in the Dovel case are submitted here.   An inspection of these would indicate that the question whether a grandchild would be included under the word "children" as a beneficiary under such a policy in right of its deceased parent, was involved in each of these cases.   But as the Supreme Court failed to report either of these two cases, we feel compelled to follow their repeated declarations as to unreported cases and refuse to consider them as authorities binding upon this court.

The authorities outside of Ohio are not in accord upon this question.   A leading case in favor of admitting the child of a deceased child to an interest in the policy is found in *Continental Life Ins. Co.* v. *Palmer,* 42 Conn., 60.   The same rule has been followed in *Ins. Co.* v. *Fish,* 59 N. H., 126; *Glenn* v. *Burns,* 100 Tenn., 295; *Ins. Co.* v. *Basler,* 140 Mich., 233; *Diehm* v. *Ins. Co.,* 129 Mo. App., 256.

A contrary rule has been announced in *Walsh* v. *Mutual Life Ins. Co.,* 133 N. Y., 408; *Martin* v. *Modern Woodmen,* 253 Ill., 400.

If it were necessary to construe the language of the policy, in the absence of reported decisions in Ohio we should be inclined to follow the rule laid down in the Connecticut case and the other cases first noted above, as carrying out the natural intention of the parties and being more in accord with the law of descent and distribution, the provisions for insurance being somewhat analogous to testamentary provisions.   The condition of the record in this case, however, as we have above stated, does not require a decision upon this question, but does require an affirmance of the judgment.

Judgment affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.