Banker's Life Ass'n v. Shelton.

---

BANKERS' LIFE ASSOCIATION, Relator, v. NAT M.
     SHELTON, Respondent.

Kansas City Court of Appeals, June 4, 1900.

1. **Jurisdiction:** CORPORATION: PLACE OF BRINGING SUIT. A
   *domestic corporation may be sued at two places only,* viz., where the
   cause of action accrued or where it usually keeps an officer or agent.

2. ———: LIFE INSURANCE: PLACE OF BRINGING SUIT. A
   domestic life insurance corporation having its office in Jackson
   county issued its policy to M., a resident of Macon county, who,
   going to St. Louis for medical treatment, died in that city. Held,
   the action accrued in St. Louis and suit should be brought there or
   in Jackson county.

3. ———: APPEARANCE: ANSWER. Where defendant appears in
   the circuit court and files its answer objecting to the jurisdiction
   with a plea to the merits, takes depositions and obtains a continu-
   ance on the merits, it waives the question of jurisdiction.

4. ———: PROHIBITION: ERROR: APPEAL. Where the lack of
   jurisdiction does not appear upon the face of the proceedings but
   depends upon matters *aliunde,* it then becomes a question for the cir-
   cuit judge, and his findings can only be reviewed on appeal; and
   while the right to appeal will not bar the writ of prohibition, it
   ought to do so unless there is something out of the ordinary, since
   the writ should not be used simply to correct errors.

*Original Proceeding in Prohibition.*

WRIT DENIED.

*Rozzelle & Walsh* and *John G. Park* for plaintiff.

(1) 'There. is a marked distinction as to the venue of actions against foreign and against domestic insurance companies. R. S. 1899, sec. 562; R. S. 1889, sec. 5912; R. S. 1899, sec. 997. (2) Causes of action upon life insurance policies are transitory, follow the persons of the insured and accrue at the time and place of their respective deaths. 6 Thomp. on Corps., sec. 7430; Kennedy v. Burrier, 36 Mo. 128; Fire Dep. v. Beecher, 99 N. Y. 429; Rodgers v. Endowment Ass'n, 17 S. C. 406; citing Story's Con. of Law, sec. 280; Bank v. Railroad, 10 How. Pr. (3) If the cause of action of Sophia E. Morgan accrued outside Macon county, then defendant, as judge of the circuit court of that county, does not have jurisdiction over that class of cases or over the subject-matter of that controversy. R. S. 1899, sec. 602; Roberts v. Ins. Co., 26 Mo. App. 92; Coombs Com. Co. v. Block, 130 Mo. 668 l. c. 673; Little v. Harrington, 71 Mo. 390; Smith v. Simpson, 80 Mo. 634, 639. (4) A final judgment in prohibition will not be denied to plaintiff because plaintiff has the cumulative remedy of an appeal. The writ of prohibition is a discretionary writ. 16 Ency. Plead. and Prac., p. 1109. (5) Prohibition may be used to keep a court within the limits of its lawful authority, in a given case no less than to prevent cognizance of cases not committed by law to its jurisdiction. State ex rel. v. Slover, 126 Mo. 652; State ex rel. v. Scarritt, 128 Mo. 331; Railway v. Wear, 135 Mo. 230, 256.

*Dysart & Mitchell* for respondent.

(1) The writ of prohibition ought to be denied upon plaintiff's own showing. The action pending before the respondent and sought to be prohibited is not a local but a personal and transitory action. Beyond question the circuit

court has jurisdiction of the subject-matter, that is to say, of this character of cases—suits to recover on policies of insurance. The court having jurisdiction of. the subject-matter, it only remained for it to decide whether it had jurisdiction of the person of the defendant. The defendant was in court, at least, for the purpose of trying the question of jurisdiction. The court had jurisdiction both of the subject-matter and of the parties to decide the question of its own jurisdiction. It was not only proper but necessary for the court to decide such question, and its decision was a judicial determination of the matter in controversy. Such decision, however erroneous, is *res adjudicata*, and is binding and obligatory until reversed on appeal or writ of error. The general rule is that the writ of prohibition will not issue where a party has any other adequate remedy. State ex rel. v. Withrow, 141 Mo. 69; State ex rel. v. Withrow, 108 Mo. 1, 7; Wilson v. Berkstresser, 45 Mo. 283; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; State ex rel. v. Burckhartt, 87 Mo. 533; State ex rel. v. Smith, 104 Mo. 419; State ex rel. v. Scarritt, 128 Mo. 331; Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Klein, 116 Mo. 259; State ex rel. v. Anthony, 65 Mo. App. 543, 554; State ex rel. v. Bowerman, 40 Mo. App. 576; State ex rel. v. Seay, 23 Mo. App. 623; State ex rel. v. Laughlin, 7 Mo. App. 529; Barnes v. Gottschalk, 3 Mo. App. 222.    (2)    The action accrued in the county of Macon where Morgan and his wife were residing at the time of his death, and where Mrs. Morgan, the beneficiary and payee of the policy, was at the time of her husband's death. The fact that the husband died away from home in another county, while temporarily absent on business or pleasure, is of no importance or significance. The right of action was in the wife and accrued to her immediately on the death of the husband, or as soon thereafter as proof of death could be made under the rules of the com-

pany. Rippstein v. Ins. Co., 57 Mo. 86, does not antagonize this view. Little v. Harrington, 71 Mo. 390. The administration law requires that letters of administration be granted in the county in which the mansion house or place of abode of the deceased is situated. R. S. 1899, sec. 4. (3) Another question arising in the case, and necessarily decided or to be decided, by the court is, whether the defendant company made such appearance to the action as to give the circuit court jurisdiction of the person of the defendant. (4) It is submitted by the respondent that the foregoing facts constituted such an appearance by the defendant company to the said action as gave the circuit court jurisdiction over the person of the defendant, notwithstanding its plea to the jurisdiction, which had been decided against the defendant by the court. Baisley v. Baisley, 113 Mo. 544; citing Bohn v. Devlin, 28 Mo. 319; Orear v. Clough, 52 Mo. 55; Peters v. Railroad, 59 Mo. 406. The case of Baisley v. Baisley, *supra,* is cited and approved in Ivy v. Yancey, 129 Mo. 501, 506. To the same effect is Kronski v. Railway, 77 Mo. 362, 368. (5) The writ of prohibition is one of the extraordinary remedies, and will only be used on extraordinary occasions, where jurisdiction of a court depends upon the findings as to contested facts. State ex rel. v. Seay, 23 Mo. App. 623, 630.

ELLISON, J.—An alternative writ of prohibition was issued in this cause by one of the judges of this court, directed against defendant, Hon. N. M. Shelton, judge of the circuit court of Macon county, and returnable to the sitting following its issuance. We have now filed with us the defendant's return and plaintiff's motion for judgment, by which papers, together with the alternative writ, we have a full statement of the facts existing in and controlling the controversy.

Henry E. Morgan, a man of family, residing in Macon county, Missouri, took out a policy of life insurance for $1,000 in favor of his wife Sophia, in the Bankers' Life Association of Kansas City, Mo., a domestic corporation. He became afflicted and went to the city of St. Louis, Missouri, to be operated upon and there died. His wife Sophia then began a suit on the policy in the Macon county circuit court at La Plata, the writ of summons being sent for service to Kansas City, Jackson county, Missouri, and there served.

The insurance company filed an answer in which was set up objections to the jurisdiction of the circuit court of Macon county, and also a plea to the merits of the action. The court, after a consideration of that question, involving facts established by evidence decided that it had jurisdiction and thereupon, as before stated, the insurance company applied for and obtained the alternative writ of prohibition against defendant as judge of said court.

Plaintiff being a domestic corporation may be sued in two places only: First, where the cause of action accrued; or, second, where it shall have or usually keeps an office or agent for the transaction of its usual business. R. S. 1889, sec. 2529. Since plaintiff had no place of business in Macon county, the cause of action must have accrued in that county in order, primarily, to confer jurisdiction on that court. The only ground to support the idea that the cause of action accrued in that county is that it was the assured's residence when he died, or that it was and is the residence of his widow. Neither of these views are sound. The cause of action accrued at the place where it first came into existence; and it came into existence at the place where the right to the action arose; that is to say, at the place where the assured died. Reppstein v. Ins. Co., 57 Mo. 86.

The action is transitory and if the assured died outside

the state it would fix the place where the action accrued and there the company might be sued; if it could be found there, as in other transitory actions. By provision of the statute, which controls within the limits of this state, a suit may be brought at any place in this state where the action accrued, even though the company is not to be found there.

The action should therefore have been instituted either in the city of St. Louis, where the assured died, or in the county of Jackson, where the company had its office.

But it appears that this plaintiff as defendant in the suit aforesaid also filed its answer and plea to the merits of the action. It served notice for the taking of depositions and afterwards took depositions to be used in the trial of the cause on the merits under the said answer. That afterwards this plaintiff, as defendant in said suit, asked and obtained a continuance on the merits of the action.

In our opinion, these actions taken by this plaintiff amounted to an appearance beyond the mere purpose of objecting to the power of the court and conferred jurisdiction. The case itself belongs to a class of which the defendant as judge of the circuit court of Macon county has jurisdiction, and the voluntary appearance to the merits by the defendant therein was a waiver of any plea to the jurisdiction of the body corporate. Baisley v. Baisley, 113 Mo. 544; Ivey v. Yancey, 129 Mo. 501; Real Estate Co. v. Lindell, 133 Mo. 386; Moore v. Railway, 51 Mo. App. 504; Speer v. Burlingame, 61 Mo. App. 83.

Furthermore, the question of jurisdiction has been presented to the circuit court of which defendant is the judge. It is not a case where the lack of jurisdiction appears upon the face of the proceedings. The question depends on matters *aliunde*. If that decision is thought to be erroneous, it can be made the ground of an appeal. While the mere fact that an appeal will lie from an erroneous decision on

the question of jurisdiction will not bar a writ of prohibition, it ought to do so unless there is something out of the ordinary to suggest that justice requires the writ. The writ should not be used merely to correct errors. State ex rel. v. Withrow, 141 Mo. 69; State ex rel. v. Seay, 23 Mo. App. 623.

The writ will be denied. *Smith, P. J.*, concurs; *Gill, J.*, absent.