GEORGE D. BARNETT et al., Appellants, v. COLONIAL HOTEL BUILDING COMPANY, Respondent.

St. Louis Court of Appeals, May 25, 1909. *

APPEALLATE PRACTICE: Conflicting Decisions: Motion to Transfer to Supreme Court. Under Sec. 6 of the Amendment of 1884 to Art. 6 of the Constitution, no power is granted to a litigant or his counsel to have a case pending in a Court of Appeals certified to the Supreme Court, or to ask that it be done, on the

* REPORTER'S NOTE:—It was not brought to the attention of the present reporter until recently that this opinion had not been reported. It was doubtless omitted inadvertently. The main opinion is reported in 137 Mo. App., at page 636.

ground that the decision rendered in such case is in conflict with a previous decision of one of the other Courts of Appeals or the Supreme Court; and hence a motion to certify or transfer a case to the Supreme Court on such ground will be stricken from the docket.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

MOTION TO TRANSFER STRICKEN FROM DOCKET.

*Charles J. Macauley* for appellants (movants).

*Woodruff & Mann* and *W. D. Tatlow* for respondent.

### ON MOTION FOR REHEARING.

REYNOLDS, P. J.—A motion for rehearing has been filed by counsel for the appellants, in which the first reason assigned as a ground for rehearing is "because the facts in this case as shown by the abstract of record on file in this court, do not support the following statement in the court's opinion, to-wit, 'in the case at bar defendant provided in the stipulation it signed against this defense (meaning the question of jurisdiction) and consented to a trial by the court with the reservation that it should be determined.' "

This assumed quotation, given above, exactly as written in the motion for the rehearing, is not an accurate quotation from the opinion. The sentence in the opinion of the court attempted to be quoted reads: "In the case at bar defendant provided, in the stipulations it signed, against waiver of this defense, and consented to a trial by the court with the reservation that it should be determined." When counsel are relying on a misstatement they should be accurate in their quotation. Referring to the printed abstract of the record, furnished by counsel for appellants, we find

this at page 6, among other stipulations on which the case was tried, as a stipulation filed January 9, 1908: "The plaintiff and defendant hereby waive the trial of this cause by a jury and consent that the same may be tried by the court, the defendant, however, reserves the right to insist on its plea to the jurisdiction of this court and does not intend to waive the same by this stipulation." It is somewhat remarkable that in the face of a stipulation so worded, contained in the abstract submitted and presumably compiled by counsel himself, the zeal of that counsel should carry him so far as to claim that the recital in the opinion of the court is not supported by the facts as shown by the stipulation in the abstract of the record. No graver charge can be made against a court than to say of it that it has misstated the record. Even the zeal of counsel should not permit him to make such a charge lightly.

The motion for rehearing is overruled, the other grounds assigned not being tenable.

There is also filed in this case a motion to certify it to the Supreme Court, on the assigned ground that the decision of the court is in conflict with a number of decisions of the Supreme and of the appellate courts of the State. The motions by counsel to certify cases to the Supreme Court are filed so frequently that we think it well to call the attention of the bar to the fact that the Constitution of this State has provided by section 6 of that part of the Constitution which relates to the Courts of Appeal, that "when any one of said Courts of Appeal shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said Court of Appeals, or of the Supreme Court, the said Court of Appeals must, of its own motion, pending the same term and not afterwards, certify and transfer said cause or proceeding and the original transcript therein to the Supreme Court."

This provision of the Constitution lodges the power of certifying cases to the Supreme Court on this ground solely on the determination of one of the judges of the court, that he deems it to. be contrary to a previous decision of one of the Courts of Appeals or of the Supreme Court. No power is granted to counsel or litigant to have this done. Nor is it a matter of right lodged in them by the Constitution to ask that it be done. It is a right and a power vested solely and entirely in one of the judges of the court, sitting and hearing the case in the court, by which the decision was rendered. There is nothing improper in counsel, in fact it is within their right, when filing a motion for rehearing, to assign, as a cause why a rehearing should be granted, that the decision rendered is contrary to a controlling decision of the Supreme Court, or is in conflict with a decision of another of the Courts of Appeals. That reason when so assigned in the motion for rehearing will always receive careful consideration. But the determination of the matter of conflict rests entirely with the court in the first instance, and whether or not, that motion being overruled, the case should be certified to the Supreme Court is not a right lodged by the Constitution in parties litigant or their counsel, to be invoked by them by motion to certify or transfer, but rests entirely in a judge of the court. The motion to certify to the Supreme Court is stricken from the docket. All concur.