Vol. 314]    APRIL TERM, 1926.    373

In Matter of State ex rel. Bank v. Davis.

IN MATTER OF STATE OF MISSOURI ex rel. CO-
LUMBIA NATIONAL BANK OF KANSAS CITY,
Relator, v. ARCH B. DAVIS, Judge of Circuit Court
of Livingston County, and ALBERT L. TERRY.

In Banc, May 21, 1926.

1. **VENUE: Corporation and Other Defendant.** An action brought
against a corporation and an individual defendant may be main-
tained in the county where such individual defendant resides, al-
though the cause of action did not accrue there and the corporation
does not have an office or agent in such county.

2. ——: ——: **Statute.** Terry filed suit in Livingston County
against Lively and Cooke. Terry resided in Daviess County; Lively
resided in Livingston County, where he was served with summons;
and Cooke resided in Jackson County, where he was served with
summons by the sheriff of that county. Later an amended petition
was filed, wherein the Columbia National Bank of Kansas City,
a banking corporation, was made a party defendant, and thereafter
the bank was served in Jackson County. The bank had no office
or agent in Livingston County for the transaction of its usual or
customary business. *Held*, that it is unnecessary to consider where
the cause of action accrued, and that the venue is determined by
the second clause of Section 1177, Revised Statutes 1919, declaring
that "when there are several defendants, and they reside in different
counties, the suit may be brought in any such county," and not by
Section 1180, declaring that "suits against corporations shall be
commenced either in the county where the cause of action accrued,
. . . or in any county where such corporations shall have or
usually keep an office or agent for the transaction of their usual and
customary business," which last statute does not apply where
the corporation is not the only defendant, but is properly joined
with another defendant who resides in the county where the action
is brought.

3. ——: ——: **Statutes in Pari Materia.** Sections 1177 and 1180,
Revised Statutes 1919, are *in pari materia*, and the fact that they
were enacted at different times and that Section 1177 originally ap-
peared in the Civil Code and that Section 1180 was originally a
part of the statute relating to corporations, does not alter the fact
that both sections relate to the subject of venue, or destroy the
reason for construing them as *in pari materia*. They are to be

construed together, and when so construed they mean that "when there are several defendants, and they reside in different counties, the suit may be brought in any such county," whether the defendants are corporations or individuals. Section 1177 alone attempts to fix the venue in such case, and Section 1180 has no application where the action is properly brought in the circuit court of the county wherein one of the defendants resides and a corporation is properly joined as a codefendant. It is only in case the corporation is the sole defendant that Section 1180 requires the suit to be brought in the county of its residence.

Corpus Juris-Cyc. References: Corporations, 14 C. J., Section 31, p. 66, n. 30; 14a C. J., Section 2789, p. 793, n. 64, 65. Courts, 15 C. J., Section 324, p. 938, n. 39. In 31 C. J., Section 7, p. 358, n. 84, 85. Statutes, 36 Cyc., p. 1146, n. 13, 22, 36; p. 1147, n. 27, 28, 29, 30; p. 1148, n. 31, 32; p. 1149, n. 33, 34, 36, 37, 38, 39; p. 1150, n. 40, 41, 42. Venue, 40 Cyc., p. 46, n. 8; p. 99, n. 87.

## *Prohibition.*

PRELIMINARY RULE DISCHARGED.

*Henry A. Bundschu* and *T. J. Wadden* for relator.

The sole question for decision in this case is whether a corporation may be sued and served with process under Section 1177 (which is a venue statute) in a county where the cause of action did not accrue and where it has no office or agent for its usual and customary business, as provided in Sec. 1180, R. S. 1919. Section 1177 (Sec. 1751, R. S. 1909) is a general statute providing for the place of instituting suits "except as otherwise provided by law." This exception clause was inserted in this section in 1855 when Section 1180 (Sec. 1754, R. S. 1909) was enacted. Section 1180 is an exclusive statute providing for service on corporations, foreign as well as domestic, and contains no provision for sending a summons into another county except, as is implied, when the cause of action accrues in the county where the suit is brought. Section 1177 applies solely to persons. State ex rel. v. Jones, 270 Mo. 230; State ex rel. v. Gantt, 274 Mo. 490; Roberts v. Ins. Co., 201 Mo. App. 239; Darby v. Weber Imp. Co., 208 S. W. 116; Winter v. Bank, 238 S. W. 833.

*Nat G. Cruzen* for respondents.

Where there are "several defendants" and such defendants reside in different counties, Section 1177, R. S. 1919, and not Section 1180 applies, and suit may be brought against such defendants in any county, in which any one of them reside, and this applies whether a corporation is one of such "several defendants," or not. Gray v. Coal Co., 175 Mo. App. 421; Stilwell v. Craig, 58 Mo. 24; 14a C. J. p. 493, sec. 2879; Harrison v. Timber Co., 14 Wyo. 246.; Eagle Iron Co. v. Baugh, 147 Ala. 613; McClellan & Co. v. American Tie & Timber Co., 135 Ga. 370; Waycross Air Line Co. v. Ry. Co., 114 Ga. 727; Chorn v. Zollinger, 143 Mo. App. 191; Cotton Contr. Co. v. First Natl. Bank, 245 S. W. 118; American Surety Co. v. State, 245 S. W. 1033; State ex rel. Hentschel v. Cook, 201 S. W. 363; 40 Cyc. 98. A statute fixing the venue in actions against corporations does not apply where a corporation is sued jointly with another. 14a C. J. 793, sec. 2879; Eagle Iron Co. v. Bough, 147 Ala. 613.; Harrison v. Timber Co., 14 Wyo. 246; Gray v. Coal Co., 175 Mo. App. 421; Stilwell v. Craig, 58 Mo. 24. In the absence of express statutory provisions as to venue in civil actions against corporations, the venue in such case is determined by the statutory provisions relating to civil actions generally, and prior to the enactment of our statute (present Sec. 1180) relative to venue in suits against corporations, corporations were sued in all respects as were persons. State ex rel. v. Gantt, 274 Mo. 504; 14a C. J. 790, sec. 2875. Sections 1177 and 1180, Revised Statutes 1919, should be construed together, being *in pari materia* and on same subject-matter. Baker v. Koeln, 270 Mo. 174; State ex rel. Gray v. Schuster, 227 S. W. 60; McClanahan v. DeWitt, 160 Mo. App. 304; Gantt v. Brown, 238 Mo. 560; Hegberg v. Ry. Co., 164 Mo. App. 514; Rutter v. Carothers, 223 Mo. 631. A statute that creates or gives undue inequalities or advantage with reference to the venue of action, to corporations, denied to individuals, is unconstitutional, as violating the

State and Federal constitutions. McClung v. Pulitzer Pub. Co., 279 Mo. 370, 214 S. W. 193; Houston v. Pulitzer Pub. Co., 249 Mo. 332; In re Flukes, 157 Mo. 125; 12 C. J. 1142, secs. 876, 877.

BLAIR, C. J.—An original proceeding in prohibition. Our provisional rule was ordered issued and service thereof was waived. The record does not disclose that our said rule issued, but respondents filed answer and return, and relator filed motion for judgment on the pleadings. Later an amended return was filed and the case is before us upon such record.

Respondent Davis was Judge of the Circuit Court of Livingston County, and while so acting respondent Terry filed suit in that court against Ivo W. Lively and Thornton Cooke for actual and punitive damages alleged to have been sustained by him on account of false representations made by them in the sale of stock in the Bank of Jamesport. Terry resided in Daviess County. Defendant Lively resided in Livingston County, where he was served with summons, and defendant Cooke in Jackson County, where he was served with summons by the sheriff of that county. Later an amended petition was filed in said suit, wherein relator Columbia National Bank of Kansas City, a banking corporation, was made a party defendant. Summons for said corporation defendant was thereafter issued and served in Jackson County. Appearing in said Livingston Circuit Court for the purpose of its motion only, said relator moved the court to quash the service of summons upon it and to dismiss on the ground that the suit was not brought in the county where the cause of action accrued or where relator had or usually kept an office or agent for the transaction of its usual or customary business, and that the Circuit Court of Livingston County for that reason had no jurisdiction to issue summons for relator. This motion was overruled. Relator thereafter applied for and obtained our provisional rule in prohibition as above stated.

The question for decision is: Can an action against a corporation and another defendant be maintained in the county where such other defendant resides, although the cause of action did not accrue there and the corporation does not have an office or agent in such county? Respondents so contend, notwithstanding they concede that, under Section 1180, Revised Statutes 1919, an action could not be maintained against a corporation as sole defendant in Livingston County under such circumstances. Respondents contend that the second subdivision of Section 1177, Revised Statutes 1919, governs the venue of civil actions against corporations which are not sole defendants.

Section 1177 reads as follows: "Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; *second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county;* third, when there are several defendants, some residents and others non-residents of the State, suit may be brought in any county in this State in which any defendant resides; fourth, when all the defendants are non-residents of the State, suit may be brought in any county in this State; fifth, any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them, may be found." (Italics ours.)

Section 1180 reads as follows: "Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this State, then in either of such counties, or in any county where such corporations shall have or usu-

ally keep an office or agent for the transaction of their usual and customary business.''

In view we take as to the proper construction to be given Sections 1177 and 1180, it is unnecessary to consider where the cause of action accrued. We will assume for the purposes of this opinion that such cause of action did not accrue in Livingston County. It is not contended that relator had an office or agent in said county.

Relator relies upon two decisions of this court en banc, to-wit: State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, and State ex rel. Standard Fire Insurance Co. v. Gantt, 274 Mo. 490. In the Jones case suit for personal injuries was instituted in the Circuit Court of the City of St. Louis against the corporation as sole defendant. The corporation had no office or agent in said city and the cause of action accrued in St. Francois County where the corporation had its office and transacted its usual business. Respondent claimed that Section 1754 (Sec. 1180, R. S. 1919) applied to domestic corporations and not to foreign corporations and that venue was in the Circuit Court of the City of St. Louis under the fourth subdivision of Section 1751, now Section 1177. This court held that Section 1754 applied to all corporations and, having so held, decided that the suit could only be maintained in St. Francois County.

The language there used must be understood in connection with the fact in that case that the corporation defendant was the sole defendant. Such language was broad enough to cover all suits against a corporation, whether such corporation is the sole defendant or joined as such with other defendants. But the court was not there considering the situation where a corporation is joined with another defendant and the suit is brought in the county where such other defendant resides. Venue in the city of St. Louis was contended for under subdivision four of Section 1751 (1177), on the ground that a foreign corporation is a non-resident. The court deemed it unnecessary to decide the question of non-residence. It held that Section 1754 (1180) governed the venue,

because the word "corporations" includes both domestic and foreign corporations. If it had been held that said corporation was a non-resident of Missouri and that Section 1754 (1180), fixing the venue of suits against corporations, governed the venue of the particular suit, notwithstanding such non-residence, the case would come much nearer furnishing support for the contention of relator here.

In the Gantt case also the relator corporation was the only defendant in the circuit court. Prohibition was denied, because it did not appear that relator did not have an office or agent in Audrain County, where the suit was instituted. Judge FARIS said that Section 1751 (1177) refers solely to venue in suits between persons, while Section 1754 (1180) refers solely to the place of bringing suits against corporations. But it is evident that this was said without regard or consideration being given to the situation arising where a corporation is joined as a defendant with another defendant and the suit is brought in the county where such other defendant resides.

Even treating the Gantt case as intending to hold that all suits against a corporation, whether sole defendant or joined with others, must be brought in the county where the cause of action accrued or where such corporation has an office or agent, the opinion of Judge FARIS announced no controlling authority on the question, because the opinion received only the concurrence of the writer thereof and of GRAVES, C. J., and WALKER, J. WOODSON, J., dissented, and filed a dissenting opinion in which he reached the same result, but for different reasons. BOND, BLAIR and WILLIAMS, JJ., merely concurred in the result reached in the opinion of FARIS, J. The judges who merely concurred in the result evidently did not agree with everything Judge FARIS said, or they would have concurred in the opinion. Hence, the Jones and Gantt cases are not controlling authority where a corporation is joined as a defendant with an-

other defendant in a suit instituted in the county where such other defendant resides.

Relator cites Roberts v. American National Insurance Co., 201 Mo. App. 239. There the action was upon a policy of insurance. The cause of action did not accrue in Schuyler County, where suit was instituted and the assurance corporation, which was the sole defendant, had no office or agent in that county. Citing Section 1754 (1180) and following State ex rel. v. Gantt, supra, it was held that the trial court should have sustained defendant's plea to the jurisdiction. This decision detracts nothing from what we have said about the Jones and Gantt cases. Nothing is said therein which is applicable where the corporation is not the sole defendant and the suit it brought in the county where its co-defendant resides.

Relator cites Darby v. Weber Implement Co., 203 Mo. App. 200. The Springfield Court of Appeals there said:

"There can be no doubt about appellant being correct in its conclusion of the law that a domestic corporation, such as appellant is, cannot be sued in any counties of this State except those designated by Section 1754, Revised Statutes 1909, that is, in a county where the cause of action accrued, or a county where a corporation shall have or usually keeps an office or agent for the transaction of its usual and customary business. [Bankers Life Assn. v. Shelton, 84 Mo. App. 634, and Barnett, Haynes & Barnett v. Hotel Co., 137 Mo. App. 636, 119 S. W. 471; State ex rel. v. Jones, 270 Mo. 230, 192 S. W. 980.] And it is held in State ex rel. v. Gantt, 203 S. W. l. c. 967, that Section 1751, Revised Statutes 1909, specifically applies to venue in actions by and against *persons only*.

"We, therefore, hold that the Circuit Court of Stoddard County did not, and could not, get jurisdiction to try this cause of this plaintiff against the Weber Implement Company merely by joining such corporation

with Hickman, the other defendant, and attempt to get jurisdiction by following Section 1751 for the service.''

The statement concerning the futility of joining a resident of the county as party defendant must be understood in the light of the facts that the resident defendant in that case was dismissed as a party defendant and judgment was rendered only against the corporation. It will be noted that the Springfield Court of Appeals cites only two decisions of this court, the Jones and the Gantt cases. We have already shown that the fact that the corporation was the sole defendant in each of said cases distinguishes them from the case at bar.

In Bankers Life Association v. Shelton, 84 Mo. App. 634, cited in the Darby case, the suit was brought against an insurance company as sole defendant in a county where the cause of action did not accrue and where the corporation had no office or agent, and it was held it could not be maintained there except for an entry of appearance arising out of certain steps taken in the trial court by the corporation.

In Barnett v. Colonial Hotel Building Co., 137 Mo. App. 636, also cited in the Darby case, the suit was against a corporation as sole defendant. The main questions discussed were where the cause of action accrued and whether the corporation had entered its appearance in the trial court. The determination of those questions settled the ruling and the case gives no support to the Darby case.

The case of Winter v. Commercial Bank, 238 S. W. (Mo. App.) 833, is the last case cited by relator on this proposition. There the bank, the corporation defendant, was located in New Madrid County and was served there. The suit was filed in the city of St. Louis where the cause of action did not accrue. Two individuals living in the said city were made defendants and were served with process in that city. A lumber company of Cape Girardeau County was also joined as defendant. The banking corporation made default, and the cause was dismissed as to all defendants except the bank and judgment was taken against the bank. It was held that the petition stated no

cause of action against the defendants who resided in the city of St. Louis, and that therefore the suit could not be maintained in said city, even under Section 1177, Revised Statutes 1919. The court did not hold that the suit could not properly have been instituted and maintained in the city of St. Louis if the petition had stated a cause of action against the residents of said city joined as defendants in the suit. In fact, the St. Louis Court of Appeals said it was not necessary to consider that question. However, it did say that the Circuit Court of the City of St. Louis did not obtain jurisdiction over the bank by virtue of Section 1180, because the bank had its office and the cause of action accrued in New Madrid County. This was manifestly said and must be understood in connection with what had been previously held that the bank was the only real and material party defendant under the allegations of the petition.

Thus it appears that in every case cited and relied upon by relator, where it was held that suit could only be instituted against a corporation in the county where the cause of action accrued or where it had an office or agent, the suit in question was either instituted against the corporation as sole defendant or the petition on its face stated no cause of action against the resident defendant or the resident defendant was dismissed before judgment was rendered. We are cited to no case where such ruling was announced where the corporation was joined as defendant with a necessary or proper codefendant and the suit was instituted in the county where such codefendant resided and where the cause of action did not accrue and where the corporation had no office or agent.

In 14a Corpus Juris, 793, section 2879, it is said: "A statute fixing the venue in actions against corporations does not apply where a corporation is sued jointly with another. But this rule is not applicable where no cause of action exists against the codefendant, or where plaintiff dismisses the suit as to him before trial." The

soundness of the general rule as thus stated is not shaken by any of the cases cited by relator.

In Gray v. Grand River Coal & Coke Co., 175 Mo. App. 421, the cause of action accrued and the defendant corporation had its office and agent in Harrison County. Plaintiff and the corporation's codefendant resided in Macon County where the suit was instituted. The contention was made that the trial court had no jurisdiction over the defendant corporation. Section 1754, Revised Statutes 1909, (Sec. 1180, R. S. 1919), was considered as not controlling the venue where the suit was brought against a corporation and another defendant. The case was decided before the Jones and Gantt cases were decided by this court. TRIMBLE, J., there said: "But the plaintiff resided in Macon County, and, of the two defendants, one of them, John Kilholland, lived in Macon County and the other, the Grand River Coal & Coke Company, was located in Harrison County. Under the facts pleaded in the petition, these two defendants were jointly and severally liable. Suit could, therefore, be instituted in either Macon or Harrison county. [Sec. 1751, R. S. 1909; Davidson v. Hough, 165 Mo. 561, 1. c. 573.] Jurisdiction being once thus properly obtained, it was not lost by the dismissal of Kilholland. [Rice v. January, 33 Mo. 409; Capital City Bank v. Knox, 47 Mo. 333.]" However, the jurisdiction of Macon County (and of Linn County after change of venue) was not sustained solely upon the right of the plaintiff to maintain the suit in Macon County under Section 1751 (1177), for the court went further and held that the defendant corporation had entered its general appearance by proceedings had in the case in the trial court and had waived the question of the jurisdiction of the court over the corporation.

In Harrison v. Carbon Timber Co., 14 Wyo. 246, it was held that a statute (Sec. 3500, R. S. Wyo. 1899) providing that an action against a domestic corporation, other than a local action, may be brought in the county in which such corporation is situate or has its principal office or place of business is not to be construed as pro-

hibiting the bringing of an action against such corpora-
tion jointly with another defendant in the county where
such other defendant resides, although the corporation
defendant is not situate in such county and has its prin-
cipal office in another county. Another section of the
Wyoming statutes provided that "every other action
must be brought in the county in which a defendant re-
sides or. may be summoned," etc. Another section au-
thorized the issuance of summons to another county
against residents of such other county joined as defend-
ants with another residing in the county where the suit
is brought. The court said: "If, therefore, the corpo-
ration was rightly joined as a defendant with Vagner,
and the suit was rightly brought against him in Albany
County, it was then rightly brought in that county and
the court of that county would acquire jurisdiction of
the person of the defendant company by proper service
of summons upon it, unless Section 3500 is exclusive. As
stated above, it may be conceded that it is so in actions
where the corporation is the only defendant; but if it
be held to apply to actions in which the corporation is
properly joined with other defendants, then the statute
would prohibit the joining of two domestic corporations
jointly liable, in an action, either on contract or in tort,
where they are residents of different counties. The
policy of the law has always been to avoid a multiplicity
of suits, and Sections 3480 and 3510 were evidently en-
acted for that purpose."

In Eagle Iron Company v. Baugh, 147 Ala. 613, a
corporation had been joined as defendant with an individ-
ual and the suit was instituted in the county where the
individual defendant resided and in which the corpora-
tion did not do business by an agent. The individual de-
fendant was eliminated and the corporation filed a plea
in abatement which was held to be well taken. The Ala-
bama court said: "The corporation was sued jointly
with Stewart, and in Marshall County, where Stewart re-
sided, and under Sections 4205 and 3271 the question of
venue was not open to the Eagle Iron Company so long

as Stewart was a joint defendant; but, after the plaintiff eliminated Stewart from the suit, the corporation became the sole defendant, and had the right to then question the venue of the action. Section 4207 applies to suits against corporations when they are sole defendants, and does not conflict with Sections 4205 and 3271 in reference to suits against two or more defendants.''

Section 4207, mentioned in the excerpt quoted, provided that ''a foreign or domestic corporation may be sued in any county in which it does business by agent,'' etc. Section 4205 provided that ''all actions on contract, except as may be otherwise provided, must be brought in the county in which the defendant, or one of the defendants, resides,'' etc.

The case of Davison v. Hough, 165 Mo. 561, was cited by TRIMBLE, J., in the case of Gray v. Grand River Coal & Coke Co., supra. A ruling in the Davison case upon a different statute is persuasive here. That case was a proceeding by prohibition in this court. The suit in the circuit court was an action wherein an insurance company had tendered into the Circuit Court of the City of St. Louis the amount due upon an insurance policy to which claim was made by several claimants, viz, a trust company in the city of St. Louis, the widow of insured residing in Cole County and the children of the insured residing in Jackson County. The insurance company asked that all rival claimants be required to interplead in the Circuit Court of the City of St. Louis for the proceeds of the policy and further asked that an injunction be grantd to prevent the prosecution of suits then pending against the insurance company in Cole and Jackson counties. It was contended that suits to enjoin prosecution of another suit must be brought in the county where such suit is pending. VALLIANT, J., said:

''The statute relied on by the plaintiff in this case (Sec. 3631, R. S. 1899) is: 'Proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment is rendered or the suit is

pending, and the summons may be directed and served as summons in ordinary cases.'

"If this statute has the effect that is claimed for it, it destroys the jurisdiction of courts of equity over bills of interpleader and renders suits of that character impossible except when all the claimants to the fund happen to reside in the same county. A purpose to accomplish that result would have to be very clearly expressed to convince us that such was the intention of the lawmaker.

"Suits to enjoin proceedings at law, under various conditions, form a distinct and important class in equity jurisprudence. [Story Eq. Juris., sec. 874, and following.] Bills of interpleader, though they may incidentally affect by injunction proceedings at law, are not within that class. In the case now under review, although there was an injunction granted, yet, as we have seen, it was a mere incident, not essential to the substantial adjustment of the rights of the parties and of comparatively unimportant effect.

"We are satisfied that Section 3631 was intended to apply to suits coming within that class in equity jurisdiction above referred to which have for their main purpose the annulling of a judgment or enjoining a proceeding at law, and was not intended to apply to a suit in which the jurisdiction in equity exists upon other grounds than that of affording relief by injunction, and when that relief is merely ancillary to the main object of the suit. This is the construction which courts of other States have put on their statutes of similar purport. [Baker v. Rockabrand, 118 Ill. 365; Hayes v. O'-Brien, 149 Ill. 410; Beckley v. Palmer, 11 Gratt. (Va.) 631; Winston v. Coal Co., 20 Gratt. 686; Muller v. Bayly, 21 Gratt. 521.] That statute did not affect the jurisdiction of the St. Louis Circuit Court in the suit in question."

The section of the statute quoted is now Section 1951, Revised Statutes 1919. It is couched in just as mandatory terms as is Section 1180 fixing the venue in

suits against corporations. Yet the court en banc construed the section quoted in the opinion as if it read: "Proceedings on an injunction, *except where such injunction is merely ancillary to the main object of the suit,* shall be had in the county where the judgment is rendered or the suit is pending," etc.

It can as well be said in this case that, if Section 1180 must be construed as relator contends, such construction destroys the jurisdiction of courts over corporation defendants in counties where other defendants reside and renders meaningless to that extent subdivision two of Section 1177, providing that "when there are several defendants, and they reside in different counties, the suit may be brought in any such county." Such construction should only be adopted where the Legislature has clearly expressed its intention.

Such construction would make it necessary, in causes of action against two corporations having offices in different counties, to bring two suits upon one joint and several cause of action, which accrued outside of the State, or plaintiff would have to pick the corporation which he wished to proceed against in a single suit.

In Stillwell v. Craig, 58 Mo. 24, the jurisdiction of the Hannibal Court of Common Pleas was under consideration. The particular statute governing the jurisdiction of that court is not important here, but the principle there announced governing the attitude of courts in construing statutes of the sort now before us is worth quoting. LEWIS, J., said:

"The defendants contend that under these provisions, a defendant residing and found outside of Marion County cannot be sued in the Hannibal Court of Common Pleas, under any circumstances; that though, where there are several defendants, some may live within and some without the townships named, yet all must be residents of Marion County, or there will be no jurisdiction. Such a construction is inadmissible. The Practice Act provides (Wagn. Stat., p. 1005, sec. 1) that 'when there are several defendants and they reside in different coun-

ties, the suit may be brought in any such county.' A plaintiff would be deprived of all benefit of this provision, in any case like the present, if we adopt the interpretation claimed. If, under the first clause in the third section, he could not sue in the common pleas, it is equally true that the second would prohibit his suing in the circuit court. So that, in case of one defendant living in Mason or Miller Township, and another in a different county, no suit could be brought in Marion County at all. The statute intends no such hindrance of justice. By admitting the jurisdiction, we give effect to the Practice Act without violating any express prohibition in the Common Pleas Law, and this is the only possible way to do so. We thus harmonize the two provisions and obey one of the first canons of interpretation.''

Sections 1177 and 1180 should be construed together and a meaning given to each which will not destroy the other, if this can be done. Notwithstanding what was said in State ex rel. v. Gantt, supra, said sections of the statute should be held *in pari materia*. The general rule is thus laid down in 36 Cyc. 1147:

''Statutes *in pari materia* are those which relate to the same person or thing, or to the same class of persons or things. In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law. The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the Legislature, or to discover how the policy of the Legislature with reference to the subject-matter has been changed or modified from time to time. With this purpose in view therefore it is proper to consider, not only acts passed at the same session of the Legislature, but also acts passed at prior and subsequent sessions, and even those which have been repealed. So far as reasonably possible the statutes, although seemingly in conflict with

each other, should be harmonized, and force and effect given to each, as it will not be presumed that the Legislature, in the enactment of a subsequent statute, intended to repeal an earlier one, unless it has done so in express terms; nor will it be presumed that the Legislature intended to leave on the statute books two contradictory enactments.''

This is the rule in Missouri. [Grimes v. Reynolds, 184 Mo. 679, l. c. 688.]

Both of said sections relate to the same general subject of venue in civil actions. The fact that they were enacted at different times and that Section 1177 originally appeared in the civil code and Section 1180 was originally part of the statute relating to corporations does not alter the fact that both sections relate to the subject of venue or destroy the reason for construing them *in pari materia.* To construe Section 1180 as fixing the venue of suits against corporations when they are sued with natural persons or another corporation is to repeal Section 1177 by implication in so far as corporation defendants are concerned, when the plain language of Section 1177 is that it applies to all defendants. So much of Section 1177, as is of interest here, reads: ''Suits instituted by summons shall, except as otherwise provided by law, be brought:  .  .  .   second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county;'' etc. Corporations have a residence the same as do natural persons. [14 C. J. 338.] By construing Section 1180 to apply only where a corporation is made sole defendant in a suit, no violence is done to subdivision two of Section 1177 and the two sections, as thus construed, constitute parts of a harmonious and workable scheme of venue in civil cases. To construe Section 1180 otherwise is to convict the Legislature of enacting a scheme of venue in civil cases which does not cover all possible situations. This should not be permitted unless the plain language of the two sections is susceptible of no other construction. [Davison v. Hough, supra; Stillwell v. Craig, supra.] Section 1177

is the only one of the two sections which in terms undertakes to fix venue in cases where there are several defendants. Section 1180 does not do so in express terms and should not be construed to do so if such construction can be avoided and thereby preserve the integrity of Section 1177.

State ex rel. v. Gantt, supra, seems to hold, though it is not so stated in express language, that the two sections are not *in pari materia*. That case is not controlling here for two reasons. First, because there was only one defendant in the suit there sought to be prohibited and the question of whether the two sections are *in pari materia* was not considered from that angle, and, second, because it cannot be said that the ruling there made declared the law of this State, because the opinion did not receive definite concurrence of a majority of this court.

Our conclusion, therefore, is that the second subdivision of Section 1177, Revised Statutes 1919, fixes the venue of civil actions against corporations where they are joined as defendants with one or more other defendants, and that Section 1180 fixes such venue only in actions where the corporation defendant is the sole defendant. Having reached this conclusion, it follows that our provisional rule in prohibition should be quashed and the proceeding dismissed. Let our order go accordingly.

All concur, except *Otto, J.,* not sitting.