STONE v. THE TRAVELERS INSURANCE COMPANY, *Plaintiff in Error*.

78  655
43a 576
78  655
74a 675

1.  **Action against Corporation**: IRREGULAR SUMMONS: AMENDMENT. In an action against a corporation the writ commanded the officer to summon "the proper officer of" the corporation to appear. Pending a motion to quash on the ground that the writ did not require the corporation but only its officer to appear, the court granted leave to amend by striking out the words here quoted. *Held*, that this was proper; and although it did not certainly appear that the amendment had actually been made, this court would treat it as if it had been.

2.  **Foreign Insurance Companies**: SERVICE OF PROCESS ON THEM: "STATE AGENT." In an action against a foreign insurance company the sheriff returned that he had served the summons on H. P., "state agent" of the company. *Held*, that the words "state agent" sufficiently designated H. P. as the person appointed by the company under section 6013, Revised Statutes 1879, for the purpose of receiving service of process in actions against the company.

3.  ———: TO BE SUED, WHERE. Suits against foreign insurance companies are not required to be brought in the county in which the agent appointed under section 6013, Revised Statutes 1879, to receive service of process, resides. They may be brought in any county in the State; and if the agent lives in another county, the writ is to be directed to the sheriff of the latter county.

*Appeal from Linn Court of Common Pleas.*—HON. THOS. WHITAKER, Judge.

AFFIRMED.

*Dyer, Lee & Ellis* for plaintiff in error.

*Lithgow & Elliott* for defendant in error.

HOUGH, C. J.—The defendant, a non-resident insurance company, incorporated under the laws of the state of Connecticut, was sued by the plaintiff in the common pleas court of Linn county on the 12th day of April, 1880. The writ of summons was directed to the sheriff of St. Louis city, commanding him to summon the "proper officer of the Travelers Insurance Company of Hartford, Connecti-

cut, to appear," etc., before said common pleas court. This writ was returned executed by the sheriff of St. Louis city by delivering a copy of the petition and writ "to Horace Power, state agent of the Travelers Insurance Company of Hartford, Connecticut, the within named defendant."

The defendant appeared specially and moved to quash the writ and return, for the following reasons: (1) Because the writ is directed to the sheriff of the city of St. Louis. (2) Because it appears on the face of the writ that it does not require the defendant to appear, but requires some officer of the company to appear. (3) Because it appears by the writ of summons that defendant is a foreign corporation organized under the laws of Connecticut, and must be sued in the county in which its agent authorized to accept service is found, and it cannot be served by and through an officer of said company. (4) Because the writ and return of the sheriff are void. (5) Because the return is insufficient.

Pending this discussion of the motion, on application of plaintiff, the court made an order allowing the writ to

1. ACTION AGAINST CORPORATION: irregular summons: amendment. be amended by striking out of the mandate thereof, the words "the proper officer of," thus leaving a command to summon the defendant; and although the writ is copied into the transcript before us as it was originally issued, as the writ was not void and the amendment was permissible, we will regard it as having been made. *Jarbee v. Steamboat*, 19 Mo. 141. It is perhaps fairly inferable from the recitals in the bill of exceptions that the amendment was actually made.

The return of the officer that he had, in the manner stated, served "Horace Power, state agent of the Travel-

2. FOREIGN INSURANCE COMPANIES: service of process on them: "state rights." ers Insurance Company of Hartford, Connecticut, the within named defendant," sufficiently designates said Power as the person appointed by the defendant under section 6013 of the Revised Statutes, upon whom process might be

served in suits instituted against said company. The person required to be appointed under said section, is designated therein both as an agent and an attorney. The return would have been more precise if it had described Power as the state agent of the defendant for the service of process or to receive service of process, but that he was such agent may be fairly implied from the use of the words "state agent." We are of opinion that the return of the officer is, in this particular, sufficient.

The principal question presented by the record is whether in a suit instituted in Linn county, against a foreign insurance company as sole defendant, process can be issued to and served by the sheriff of the city of St. Louis on the agent appointed by the company under section 6013 of the Revised Statutes to receive service of process in this State. The section referred to provides that any foreign insurance company desiring to do business in this State, "shall first file with the Superintendent of the Insurance Department a written instrument or power of attorney duly signed and sealed, appointing and authorizing some person who shall be a resident of this State, to acknowledge or receive service of process, and upon whom process may be served for and in behalf of such company in all proceedings that may be instituted against such company in any court of this State, or any court of the United States in this State, and consenting that service of process upon any agent or attorney appointed under the provisions of this section shall be taken and held to be as valid as if served upon the company, according to the laws of this or any other state; * * Service of process as aforesaid, issued by any such court as aforesaid, upon such attorney appointed by the company * * shall be valid and binding, and be deemed personal service upon such company, so long as it shall have any policies or liabilities outstanding in this State."

Under the foregoing provisions of our insurance law relating to foreign insurance companies, service may be made

upon the agent thereby required to be appointed, in any suit instituted against such company in any court of the State. In the case of *Baile v. Equitable Fire Ins. Co.*, 68 Mo. 617, it was held that the mode of suing a foreign insurance company not domesticated here, by reason of having its chief office or place of business in this State, provided by the foregoing section of the insurance law, is exclusive of all other modes of service. The defendant being a non-resident of the State was subject to suit in any county in this State, (R. S., § 3481,) and could be personally served in the manner pointed out by the section under consideration.

The sheriff of Linn county has no general power to serve process beyond the limits of his county, and there is no special provision in cases like the present authorizing the sheriff to serve process in any other county. As the section quoted authorizes process issued by any court in the State to be served upon the agent or attorney of the foreign insurance company appointed to receive service, such agent may, of course, be served wherever found in this State, and as there is no provision in the statute authorizing the sheriff of the county where the suit is brought to serve process out of his county, there is necessarily an implied power in the court where the suit is brought to issue process to the sheriff of any county in the State where the agent of the foreign insurance company may be found. We are of opinion, therefore, that the court had jurisdiction of the defendant, and the judgment of the common pleas court, which was for the plaintiff, will be affirmed. All the judges concur.