THE STATE ex rel. ST. JOSEPH LEAD COMPANY v. WILLIAM T. JONES, Judge of Circuit Court, and WILLIAM R. RAMSEY.

In Banc, February 26, 1917.

1. **VENUE: Foreign Corporation.** An action by summons against a foreign business corporation duly licensed to do business in this State cannot be instituted in any county other than the county in which either the cause of action accrued or in which the corporation has and usually keeps an office or agent for the transaction of its usual and customary business. If the cause of action accrued in St. Francois County, and the defendant is a New York corporation licensed to do business in this State and maintains an office and agent for the transaction of its usual and customary business in Jefferson County, but has no such office or agent in the city of St. Louis, the suit by a citizen of Illinois cannot be maintained in said city. The word "corporations" used in Sec. 1754, R. S. 1909, comprehends foreign as well as domestic corporations.

2. **STATUTORY CONSTRUCTION: Inclusion of Things Existent and Subsequent: Corporations.** A statute general in terms may be made to apply to conditions non-existent at the time of its enactment. If expressed in words of the present tense it will generally be construed to apply not only to things and conditions existing at its passage, but will also be given a prospective interpretation and applied to such as come into existence thereafter. Sec. 1754, R. S. 1909, stating the venue of suits against corporations, embraces foreign corporations, even though it be admitted that they could not have been served with process in this State at the time of its enactment in 1855.

3. **VENUE: Foreign Corporation: Governed by Section 1754; Non-Resident.** The venue of a suit against a foreign industrial corporation licensed to do business in this State is governed by section 1754, Revised Statutes 1909, and therefore it is not necessary or proper to construe the term "non-residents" used in the fourth subdivision of section 1751. [Distinguishing Stone v. Insurance Co., 78 Mo. 655, and N. Y., L. E. & W. Railroad Co. v. Estill, 147 U. S. 591.]

Prohibition.

WRIT ISSUED.

*Politte Elvins* and *Nagel & Kirby* for relator.

(1)  Suit against a foreign corporation which keeps in this State an office or agent for the transaction of its usual business, must be brought either in the county where the cause of action accrued or in the county where it keeps such office or agent.  Sec. 1754, R. S. 1909.  "Except as otherwise provided by law" non-residents may be sued in any county under section 1751. But, even if a foreign corporation maintaining an office and agent in this State is to be considered a "non-resident" under section 1751, it is "otherwise provided" by section 1754 that such corporation shall be sued in the county where the cause of action accrued or the county where such office or agent is kept.  (2)  A foreign corporation complying with our laws and maintaining an office and agent for the transaction of its business in this State is regarded, for purposes of jurisdiction, not as a non-resident, but as a resident of the county where such office or agent is maintained.  Harding v. Railroad, 80 Mo. 661; Fitzmaurice v. Turney, 214 Mo. 627; Sidway v. Land Co., 187 Mo. 673; Young v. Niles & Scott Co., 122 Mo. App. 329.  (3)  The exceptional case of foreign insurance companies, which are held to be residents of and suable in any county in the State by virtue of the specific provisions of section 7042, proves the rule for which we contend.  Meyer v. Insurance Co., 184 Mo. 486; State ex rel. v. Grimm, 239 Mo. 166; Spangler v. Protective Assn., 172 Mo. App. 255; Rodgers v. National Council, 172 Mo. App. 719.

*Safford & Marsalek* for respondents.

(1)  Suits against non-residents may be brought in any county in the State.  Sec. 1751, R. S. 1909; Baisley v. Baisley, 113 Mo. 549; Greeley v. Railroad, 123 Mo. 157; Gabriel v. Mullen, 111 Mo. 119; Accident Co. v. Reisinger, 43 Mo. App. 576.  (2)  The fact that a foreign corporation is licensed to do business in a State other than that of its incorporation does not domesticate

it. It is a non-resident of every State except that which granted its charter. Constitution, art. 2, sec. 10; Secs. 1751, 1754, R. S. 1909; Herryford v. Ins. Co., 42 Mo. 148; Stanley v. Railroad, 62 Mo. 511; Spangler v. Protective Assn., 172 Mo. App. 255; Middough v. Railroad, 51 Mo. 520; Stone v. Ins. Co., 78 Mo. 655; State ex rel. v. Mason, 153 Mo. 23; 2 Cook on Corporations (4 Ed.), sec. 757; 5 Thompson on Corporations (2 Ed.), secs. 6629-6630; Ex parte Schollenberger, 96 U. S. 377; Railroad Co. v. Harris, 12 Wall. 65, 79 U. S. 354; Railroad v. Estill, 147 U. S. 593; Thomas v. Mining Co., 65 Cal. 600; Ivanuch v. Railroad, 128 N. W. 333; Railroad v. Allison, 190 U. S. 236. (3) In 1855, when Sec. 1754, R. S. 1909, was enacted, a foreign corporation could not be brought into court by summons, but only by attachment. McNichols v. Agency Co., 74 Mo. 457; Hill v. Mfg. Co., 4 Mo. App. 595; Gold Issue M. & M. Co. v. Ins Co., 184 S. W. 1003; Farnsworth v. Railroad, 29 Mo. 75.

WILLIAMS, J.—This is an original proceeding whereby relator seeks to prohibit respondents from proceeding with a case now pending before Hon. William T. Jones, Judge of Division One of the circuit court of the city of St. Louis, wherein William R. Ramsey as plaintiff (one of the respondents herein) seeks to recover from the St. Joseph Lead Company as defendant (relator herein), the sum of $25,000 for injuries alleged by plaintiff to have been by him received through the negligence of the defendant while working in the employ of the defendant in St. Francois County, Missouri.

To the relator's petition respondents demur on the ground that the petition and writ do not state facts sufficient to constitute a cause of action.

The facts stated in the petition and thus admitted by the demurrer are substantially as follows:

Suit was instituted, as above mentioned, in the circuit court of the city of St. Louis, by William R. Ramsey, a resident of the State of Illinois, against the St. Joseph Lead Company. The cause of action upon which

suit was brought did not accrue in the city of St. Louis, but in the county of St. Francois. The defendant, St. Joseph Lead Company, is a corporation organized under the laws of New York and is licensed to do business and is doing business in the State of Missouri and maintains an office and agent for the transaction of its usual and customary business in Jefferson County, Missouri, but has no such office or agent in the city of St. Louis. Summons was issued directed to the sheriff of Jefferson County, who made return showing service upon the defendant in that county.

In due time defendant (relator) appearing specially for that purpose, moved to quash *the summons and* return, on the ground that the suit was not commenced either in the county where the cause of action accrued, or in the county in which the defendant corporation had or usually kept an office or agent for the transaction of its usual and customary business. The respondent, William T. Jones, as judge of said court, entered an order overruling the motion to quash and was about to entertain further proceedings in the case at the time application was made to this court.

I. The question presented is one of *venue* and may be stated as follows:

Can suit by summons be instituted against an ordinary foreign business corporation (duly licensed to do and doing business in this State), in any **Venue:** county in this State other than in the county **Foreign Corporation.** where either the cause of action accrued or where the corporation has or usually keeps an office or agent for the transaction of its usual and customary business?

We have reached the conclusion that the above question must be answered in the negative.

Sections 1751 and 1754, Revised Statutes 1909, the only statutes claimed to deal with this subject, are as follows:

Section 1751: "Suits instituted by summons shall, *except as otherwise provided by law*, be brought: First,

when the defendant is a resident of the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county; third, when there are several defendants, some residents and others non-residents of the State, suit may be brought in any county in this State in which any defendant resides; *fourth, when all the defendants are non-residents of the State, suit may be brought in any county in this State;* fifth, any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside or in the county suing and where the defendants, or one of them may be found." (Italics ours.)

The foregoing section, down to subdivision *fifth* thereof, was first enacted in its present form in 1855. [See R. S. 1855, p. 1220.] At that revising session of the Legislature, among other changes made in the then existing statute, the words "except as otherwise provided by law" were first inserted.

Section 1754: "Suits against corporations shall be commenced either in the county where the cause of action accrued, (or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this State, then in either of such counties), or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." (Parentheses ours.)

The last above section was also first enacted in 1855 with the portion in parentheses omitted. [See R. S. 1855, p. 377.] The portion in parentheses was inserted by amendment in 1903.

The first point for determination is: Which of the above sections governs the *venue* in suits instituted against foreign corporations of the kind and character of relator?

Relator contends that section 1754 governs, while respondent contends that the fourth subdivision of section 1751 applies.

It will be noticed that section 1751, supra, by its express terms, *"except as otherwise provided by law,"* clearly indicates that it was not the legislative intention that said section should prevail over any conflicting statute. In this behalf it is of interest to note that at the same session of the Legislature, to-wit, the revising session of 1855, section 1754 was first enacted providing that *suits against corporations* should be commenced either in the county where the cause of action accrued or in any county where the corporation has an office or agent for the transaction of its usual or customary business.

The term "corporations" used in section 1754, supra, unless limited by construction or by other statute, is certainly broad enough to cover all corporations, foreign as well as domestic. In this connection, however, respondents contend that since foreign corporations could not be served with summons in this State at the time section 1754 was enacted, it should not be held to apply to foreign corporations. We are unable to see wherein this argument can, in any manner, aid the respondents, for if it can properly be said that section 1754, supra, could not apply because no provision existed at that time for *serving* summons upon foreign corporations in this State, the same would also have to be said with reference to the application of section 1751, supra, enacted into its present form (as far as the points here involved are concerned), at the same session and therefore also at a time when no provision existed for *serving* a foreign corporation in this State. If respondents are correct in the principle of law underlying their argument then we would be in a situation *without any provision* for instituting suits by summons against such foreign corporations, because said two sections are the only statutes which can be claimed to provide the venue under the present situation.

Respondent, however, is in error in contending that a statute in general terms can never apply to conditions other than those existing at the time the statute is enacted. The correct rule on this point is stated in 36 Cyc. 1235, as follows: "Where a statute is expressed in general terms and in words of the present tense it will as a general rule be·construed to apply not only· to things and conditions existing at its passage, but ·will also be given a prospective interpretation, by which it will apply to such as come into existence thereafter."

To the same effect are 2 Lewis's Sutherland, Statutory Construction (2 Ed.), p. 956; Endlich on the Interpretation of Statutes, sec. 112; State v. Hays, 78 Mo. 600, l. c. 604.

Since sec. 1754, supra, is sufficient in terms to comprehend foreign as well as domestic corporations and since in the light of the foregoing rule, it should be held to spring into use and apply to corporations, upon which provision for serving summons is· thereafter made, as well as to corporations which could then be served with summons, it necessarily follows that as to suits against this class of defendants the matter of *venue* was "otherwise provided by law" and that the matter of venue as to such defendants falls within the exception, and not the rule, provided by section .1751, and that therefore section 1754 and not section 1751 prescribes the rule on venue in suits against such foreign corporations.

II. Learned counsel upon both sides have ably briefed the question concerning the proper construction of the term "non-residents" contained in the fourth subdivision of section 1751, supra. This was

**Venue:**
**Non-Resident.**

done, no doubt, to meet any contingency that might arise. However, in view of the conclusion above reached that section 1754, supra, governs the situation in this case, it would be but to go afield were we to enter into a discussion of what the situation would be *if* section 1751, supra, governed the case. If section 1751 did govern the case then, of course, it would be necessary to determine, in attempting to ap-

ply that statute, whether or not the relator was a non-resident within the meaning of the fourth subdivision thereof. But since we have held that that section does not apply it would be *obiter dictum* to undertake to construe its terms. In support of their contention that foreign corporations are non-residents within the meaning of section 1751, the main case cited by respondents is Stone v. Insurance Co., 78 Mo. 655. That case held (whether necessary to a decision of the case or not we need not here determine), that the defendant, a foreign insurance company, was a non-resident within the meaning of section 1751, supra. In other words, the decision in that case was based, at least in part, upon the hypothesis that section 1751 governed in that case. Section 1754, supra, however, does not appear to have been considered by the court in reaching that hypothesis, at least that section is not mentioned in the opinion. A section relating specifically to insurance companies is mentioned and considered. Whether the court there erred in taking the hypothesis which it did take, we cannot here determine because it would also involve the construction of the statute (relating to foreign insurance companies) not involved in this case, and as above stated such determination would be but an *obiter dictum* in the present case.

The case of Stone v. Insurance Co., supra, cannot therefore be considered as an authority upon the exact points held in judgment in the case at bar and the same may also be said with refernece to N. Y., L. E. & W. Railroad Co. v. Estill, 147 U. S. 591, which follows the Stone case and applies the rule therein announced to foreign railroad corporations. The Estill case also does not mention section 1754, supra. The remarks in this paragraph are made merely in explanation of our failure to undertake to construe section 1751, supra.

III. It stands conceded upon this record that the relator (defendant in the suit pending in the circuit

court of St. Louis) did not have or usually keep, in the city of St. Louis, an office or agent for the transaction of their usual and customary business and further that the cause of action sued upon did not accrue in said city.

**Facts as to Residence.**

Applying the rule announced in Paragraph One above, it follows that said circuit court is without jurisdiction to proceed with the case and that the preliminary rule of prohibition heretofore issued should be made permanent. It is so ordered. All concur.