908

## LAFFOON v. J. M. FARRIN & CO.
### No. 2053.

District Court, W. D. Missouri, W. D.
Nov. 10, 1944.

Henry A. Riederer and Gene G. Diemer, both of Kansas City, Mo., for plaintiff.

Sebree, Shook & Gisler, of Kansas City, Mo., for defendant.

COLLET, District Judge.

This cause is pending on motion to dismiss for want of proper venue. Plaintiff brings the action under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., on behalf of himself and others similarly situated. He alleges that defendant is a corporation organized and existing under the laws of the State of Illinois, "licensed and engaged in business within the State of Missouri, and as such is engaged in the business of cleaning, repairing and maintaining railroad cars and equipment for railroads and railways engaged in interstate commerce * * *." He further alleges underpayments of wages to him of $769.60, and estimates underpayments to others similarly employed by defendant at approximately $10,000.

The motion to dismiss is based upon Section 874, Revised Statutes of Missouri, 1939, Mo.R.S.A., which reads as follows: "Suits against corporations, where commenced. Suits against corporations shall be com-

menced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties, in this state, then in either of such counties, or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

An affidavit filed with the motion states that defendant is an Illinois corporation licensed to transact business in Missouri, that the "registered office" of the defendant corporation is in St. Louis, Missouri (in the Eastern District), that the cause was filed in the Jackson County Circuit Court at Kansas City (Western District), that service of process was made upon defendant by leaving a copy of the writ and petition with the "Registered Agent" of defendant at the defendant's "registered office" in St. Louis, Missouri, that the alleged cause of action did not accrue in Jackson County, Missouri, and that the defendant corporation has never had and does not now have or usually keep an office or agent for the transaction of its usual or customary business, in Jackson County, Missouri, nor is the defendant a railroad company. No counter affidavit was filed.

Sec. 5072, R.S.Mo.1939, Mo.R.S.A., required a foreign corporation to maintain a public office or place in the state where legal service may be obtained upon it. Sec. 5074, R.S.Mo.1939, Mo.R.S.A., required, among other things, the filing of a sworn statement giving the name of the corporation's "principal agent" in Missouri and the address where legal service may be obtained upon it by serving such agent. The terms "registered office" and "registered agent" appear in the revision of the Missouri Corporation Law at pages 464 and 465 of the Laws of Missouri, 1943, Mo.R.S.A. §§ 4997.100, 4997.101.

The question presented is one of con-, struction of the Missouri venue statute. The corporate defendant is the sole defend-. ant. Plaintiff contends that the fourth clause of Sec. 871, R.S.Mo.1939, Mo.R.S. A., applies [1] while defendant asserts, as heretofore noted, that Sec. 874, supra, controls.

The two sections are construed together by the Missouri Courts in order to give appropriate effect to both. State ex rel. Columbia Nat. Bank v. Davis, 314 Mo. 373, 284 S.W. 464; State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561.

Where a corporate and individual defendant are properly joined as defendants, Sec. 871, supra, applies. State ex rel. Davis, supra. Where a corporation alone is defendant, Sec. 874, supra, controls. State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S.W. 980; State ex rel. Standard Fire Ins. Co. v. Gantt, 274 Mo. 490, 203 S.W. 964; State v. Davis, supra, 314 Mo. 373, 284 S.W. 464; State ex rel. v. Williams, supra, 345 Mo. 22, 131 S.W.2d 561.

Plaintiff cites Maichok v. Bertha-Consumers Co., 6 Cir., 25 F.2d 257(6); Brown v. Texas & P. R. Co., D.C., 18 F.2d 677; Frink Co. v. Erikson, 20 F.2d 707(1); New York, etc., R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292, in support of his contention. Those cases are not controlling. The Maichok case was based on the construction of the statutory law of Ohio, materially different from that of Missouri. Brown v. Texas & P. R. Co., was a Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., case brought originally in the Federal Court in the District where the injury occurred with service in accordance with both Federal and State service statutes. Frink Co. v. Erikson was an injunction suit brought originally in the Federal District Court of Massachusetts to enjoin

[1] "Sec. 871. Suits by summons, where brought. Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county; third, when there are several defendants, some residents and other non-residents of the state, suit may be brought in any county in this state in which any defendant resides; fourth, when all the defendants are non-residents of the state, suit may be brought in any county in this state; fifth, any action, local or transitory, in which any county shall. be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them, may be found."

the plaintiff in a patent suit from proceeding with a patent infringement suit instituted in the Federal District Court of New York. The Estill case decided by the Supreme Court in 1892 was determined upon the construction given the Missouri statutes by the Missouri Supreme Court in Stone v. Travelers' Ins. Co., 78 Mo. 655, to the effect that no venue had been fixed for actions against foreign corporations, hence they were to be treated as nonresidents and the general statute, now Sec. 871, supra, should apply. But the Stone case was later overruled in that respect by the Missouri Supreme Court in State v. Gantt, supra, loc. cit. 969, and again later by implication in State v. Williams, supra, 131 S.W.2d loc. cit. 563.

■ The law is well settled in Missouri that Sec. 874 applies to both foreign and domestic corporations,[2] that when a corporation alone (other than a railroad corporation) is defendant Sec. 874 requires that the action be commenced either in the county where the cause of action accrued or in a county where the corporate defendant shall have or usually keeps an office or agent for the transaction of its usual and customary business.[3] It is only when a corporation is joined with an individual defendant that Sec. 871 controls the venue.[4]

Plaintiff further contends that defendant has waived all venue requirements by obtaining a license to do business in Missouri and has thereby submitted itself to the jurisdiction of the Federal Court in Missouri. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, is cited in support of this contention. In the same connection it is argued that this Court has jurisdiction because of diversity of citizenship, the amount in controversy and that the action is brought "under a federal law."

■ First, as to the asserted waiver. The Neirbo case did not undertake to fix the venue of actions filed in State courts and thereby amend or nullify state laws enacted for and applying to the venue of actions in those Courts. Nor did it define for the states what the state should treat as a "resident" or "foreign" corporation. It held that a corporation could not assert it was a nonresident of a state and thereby avoid suit in a Federal Court of that state under a Federal venue statute requiring it to be sued in the state of its residence, when such corporation had for general business purposes formally and for practical purposes become a resident of that state. The Court was there construing a Federal Statute and the waiver declared was of a literal requirement of that statute. The State of Missouri has defined a "foreign corporation". It has defined a domestic corporation. It has by law provided that both shall be amenable to suit by summons at the same place. It has fixed that place and the Neirbo case does not change it.

■ Nor has the defendant waived the right to assert lack of jurisdiction, as was done in Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509, cited by plaintiff. In that case the defendant removed the cause—filed an answer and a counterclaim, contesting plaintiff's cause of action on the merits and then, after plaintiff sought to amend its complaint, asserted want of jurisdiction. Here the defendant timely removed the cause and promptly asserted in this Court the question of jurisdiction. It had the right under the circumstances of this case to a determination of all questions involved by the Federal Court. Wabash Western Ry. v. Brow, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431.

■■ It is asserted that whether or not the State Court could have lawfully proceeded is now a moot question—that "the defendant has made its bed and now must lie in it"—the District Court to which the defendant removed the case. That contention is squarely in conflict with the law as declared in Freeman v. Bee Machine Co. and Wabash Western Ry. v. Brow, supra.

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 42 S.Ct. 349, 351, 66 L.Ed. 671.

"Where a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case. * * * That is true even where the federal court would have jurisdiction if the suit were brought there."

[2] State ex rel. v. Davis, supra; State ex rel. v. Williams, supra.

[3] State ex rel. v. Jones, 270 Mo. 230, 192 S.W. 980; State ex rel. v. Gantt, 274 Mo. 490, 203 S.W. 964; State ex rel. v. Davis, 314 Mo. 373, 284 S.W. 464; State ex rel. v. Williams, 345 Mo. 22, 131 S. W.2d 561.

[4] State ex rel. Columbia Nat. Bank v. Davis, supra.

Freeman v. Bee Machine Co., supra [319 U.S. 448, 63 S.Ct. 1147, 87 L.Ed. 1509].

"An appearance which waives the objection of jurisdiction over the person is a voluntary appearance, and this may be effected in many ways, and sometimes may result from the act of the defendant even when not in fact intended. But the right of the defendant to a removal is a statutory one, and he is obliged to pursue the course pointed out; and, when he confines himself to the enforcement of that right in the manner prescribed, he ought not to be held thereby to have voluntarily waived any other right he possesses. An acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right. [Commercial & Railroad Bank of Vicksburg] Bank v. Slocomb [Richards & Co.], 14 Pet. [60], 65 [10 L.Ed. 354]. The statute does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, or to reserve that question in respect of a court which is to lose any power to deal with it; and to decide that the presentation of the petition and bond is a waiver of the objection would be to place a limitation upon the jurisdiction of the circuit court, which is wholly inconsistent with the act." Wabash Western Ry. v. Brow, supra, 164 U.S. loc. cit. 278, 17 S.Ct. loc. cit. 128, 41 L.Ed. 431.

The action is dismissed for want of jurisdiction.