## BIRD v. J. M. FARRIN & CO.

No. 2249.

District Court, W. D. Missouri, W. D.

Jan. 30, 1945.

Henry A. Riederer, of Kansas City, Mo., for plaintiff.

Sebree, Shook & Gisler, of Kansas City, Mo., for defendant.

COLLET, District Judge.

This cause is pending on motion to dismiss for want of proper venue. The cause originated in this Court. Plaintiff alleges that he is a resident of Jackson County, Missouri, in the Western District of Missouri, that defendant is a corporation organized and existing under the laws of the State of Illinois, and that "jurisdiction is conferred on this Court by Section 41(1) and (8), 28 U.S.C.A. giving the District Court original jurisdiction of all actions between citizens of different states wherein the amount in controversy exceeds Three Thousand Dollars and 'of all suits and proceedings arising under the law regulating commerce', and by Section 16(b) of the Fair Labor Standards Act of 1938 [29 U. S.C.A. § 216(b)]." Plaintiff sues on behalf of himself and others similarly situated, all nonresidents of Illinois. He alleges that

defendant has underpaid him $869.60 and other fellow employees approximately $15,-000. He asks for liquidated damages in an equal amount, i.e., $15,869.60, and for attorney's fees in a lump sum for himself and all others of $7,500. In this cause, as in Laffoon v. I. M. Farrin & Co., D.C., 57 F.Supp. 908, it is conceded that defendant is engaged in the business of cleaning, repairing maintaining, and bedding railroad cars, freight cars, and railway equipment of railroads engaged in interstate commerce. That defendant has its corporate residence in the State of Illinois. That defendant is licensed under the laws of Missouri to transact business in Missouri. That in procuring that license it did pursuant to Section 5072, R.S.Mo.1939, as amended by Section 103, Laws of Missouri 1943, page 465, Mo.R.S.A. § 4997.103 establish and maintain a "registered office" at St. Louis, Missouri (in the Eastern District of Missouri), and did appoint a "registered agent" whose business office was identical with its "registered office". That defendant, pursuant to its grant of right from Missouri so to do, did engage in business in Missouri and is now so engaged. Under the laws of Missouri, "Service of process in any suit, action, or proceeding, or service of any notice or demand required or permitted by law to be served on a foreign corporation may be made on such corporation by service thereof on the registered agent of such corporation." Section 105, Laws of Missouri 1943, page 466, Mo. R.S.A. § 4997.105. The same Missouri statute provides that if a foreign corporation should fail to appoint a registered (service) agent or if such agent cannot readily be found, service may be obtained on the Secretary of State (at Jefferson City in the Western District).

The return of the officer shows that service in this action was obtained "by leaving a true copy thereof, together with a copy of the Complaint attached, as furnished by the Clerk of the Court, for the within-named defendant, J. M. Farrin and Company, a corporation, at the business office of the said corporation, with B. Chenot, the person then in charge of said office, the President or other chief officer being absent at the time, at St. Louis, Missouri, on December 2, 1944."

■ Domestic corporations and foreign corporations alike [1] are amenable to suit under the Missouri law only in the county where the cause of action accrued or in the county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.[2] There is no contention that the present cause of action accrued in the Western District of Missouri, or that there was an office or agent of the defendant in this District. Hence the cause could not be maintained in any State Court within the territorial limits of this District.

Defendant's motion is predicated upon the theory that service may not be obtained upon defendant at St. Louis, in the Eastern District, by process from this Court in the Western District. Plaintiff contends that the effect of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, is that defendant is precluded from asserting it is not a resident of the Western District because it has obtained an authorization to transact business in Missouri. Although plaintiff does not state his position with such particularity, his position is tantamount to an assertion that by obtaining an authorization from the State of Missouri to transact business therein and the establishment of an office and principal place of business in the Eastern District of Missouri, defendant has for practical purposes become a resident of the Western District of Missouri.

■ There appears to be no serious contention that Rule 4(f),[3] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, when read in connection with Rule 82 [4] either limits or extends jurisdiction in this case. The problem presented

---

1 Other than railroad companies.

2 See cases cited in Laffoon v. I. M. Farrin & Co., D.C., 57 F.Supp. 908.

3 Rule 4(f): "Territorial Limits of Effective Service. All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpœna may be served within the territorial limits provided in Rule 45."

4 Rule 82: "Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

is the proper application of the rule of law announced in the Neirbo and related cases to the facts of this case.

The distinction between jurisdiction of the subject matter of a cause and jurisdiction of the person of a litigant has long been recognized. We are now dealing with the latter in its practical aspect—whether the defendant may be compelled, or has consented, to make its defense to this cause of action in this Court—conventionally designated a question of venue. That defendant may not be compelled, in the usual sense, to submit to the jurisdiction of this Court because of the extraterritorial service of process by this Court is, as heretofore noted, not seriously disputed. The defendant is or is not to be held here dependent upon whether it has waived its privilege to object to the exercise of jurisdiction by this Court or has consented to the exercise of that jurisdiction. The terminology is unimportant, but since there appears to be no expression of consent required as a condition to the exercise of the privilege granted by the State, the term "waiver" will more aptly apply to this particular case.

The defendant in the Neirbo case was held to have waived the right to object to being sued in the Federal Court (for the Southern District) of New York because it had designated an agent (in the Southern District of New York) upon whom process might be served within the state in conformity with the New York statute. The issue was tersely stated in the majority opinion as follows: "The sole question in the case is whether § 51 is satisfied by the designation by a foreign corporation of an agent for service of process, in conformity with the law of a state in which suit is brought against it in one of the federal courts for that state." Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, loc.cit. 167, 60 S.Ct. 153, loc.cit. 154, 84 L.Ed. 167, 128 A.L.R. 1437. In that case it appears that the designation was in this language: Bethlehem designated "William J. Brown as the person upon whom a summons may be served within the State of New York". 308 U.S. 165, loc.cit. 175, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. It does not appear from the record in the case at bar what language was used in designating defendant's "registered" agent in Missouri. But the Missouri statute, Sections 101–105 incl., Laws Missouri 1943,

pp. 464–466, Mo.R.S.A. §§ 4997.101 to 4997.105, does not require that the agent be designated for the purpose of accepting service in actions filed in any or all counties in the State. On the contrary, Section 105 provides that service of process on foreign corporations may be had by serving the registered agent "in any suit, action, or proceeding * * * permitted by law to be served on a foreign corporation." By Section 874, R.S.Mo.1939, Mo.R.S.A., foreign and domestic corporations, consonant with principles of equal protection, are treated alike and are amenable to suit only in the county where the cause of action arose or where they "have or usually keep an office or agent for the transaction of their usual and customary business." The net result, therefore, is that the State sharply limits the places at which a nonresident corporation may be sued.[5]

The Neirbo case does not hold that the State may by statute control federal procedure. To the contrary, "In finding an actual consent by Bethlehem to be sued in the courts of New York, federal as well as state, we are not subjecting federal procedure to the requirements of New York law. We are recognizing that 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.'" 308 U.S. loc.cit. 175, 60 S.Ct. 158, 84 L.Ed. 167, 128 A.L.R. 1437. Hence, because the circumstances of each case will be examined to determine whether there has been a waiver, those same circumstances must be also determinative of the extent of the waiver.

When this defendant entered the State of Missouri, it must be held to have waived the personal privilege of objecting to suit in Missouri. But did it waive its privilege to object to being sued at places other than where the cause of action arose or where it maintained an office or agent? The State did not ask that it subject itself to this additional inconvenience but on the contrary protected it therefrom. The only waiver asserted is that which flows from a compliance with the state law. It seems illogical to assume that more was waived than either the State demanded, the defendant desired, or principles of equal rights and privileges with domestic corporations would require.

Both reason and fairness prompt the conclusion that the extent of the waiver of

5 See cases cited in Laffoon v. Farrin & Co., supra.

the right to object to, or of the consent to be sued in the courts of a state and the federal courts sitting in the state, occasioned by compliance with state law, should be measured by the demands and requirements of that law. Since the Missouri statute gave defendant the option of establishing its office in any county of the state, since it has established that office at St. Louis in the Eastern District of Missouri, and since the state law does not contemplate that defendant be amenable to suit in any county of the State other than at St. Louis or where the cause of action arose, the defendant did not, by complying with the state law and engaging in business in Missouri, waive the right to object to being sued in the Western District of Missouri.

The motion to quash the purported service and to dismiss should be and is sustained.