OPINION CONCURRING IN PART AND DISSENTING IN PART
 

 George W. Draper III, Judge
 

 I concur in the principal opinion's holding regarding the standing of the parties
 in this case as well as its conclusion this is not an advisory opinion. I respectfully dissent from the principal opinion's interpretation of Missouri's constitution to permit the governor to fill the vacancy of the office of the lieutenant governor.
 

 The Missouri Constitution states, "The governor shall fill all vacancies in public offices unless otherwise provided by law, and his [or her] appointees shall serve until their successors are duly elected or appointed and qualified." Mo. Const. art. IV, sec. 4. The legislature has "otherwise provided" by enacting section 105.030.1, RSMo Supp. 2016, which states when the governor is not authorized to fill a public office vacancy.
 

 Section 105.030.1 provides, in relevant part:
 

 Whenever any vacancy, caused in any manner or by any means whatsoever, occurs or exists in any state or county office originally filled by election of the people,
 
 other than in the office[ ] of lieutenant governor
 
 , ... the vacancy shall be filled by appointment by the governor....
 

 (Emphasis added). Section 105.030.1 prohibits the governor from making an appointment to fill the office of lieutenant governor. While the legislature provided the governor shall not make an appointment to the office of lieutenant governor, it did not provide for an alternative means to fill that office when it becomes vacant.
 

 The principal opinion concludes the governor may make the appointment to the office of lieutenant governor because article IV, section 4 allows the governor to fill all vacancies in public office "unless the law provides an alternative method."
 
 Op.
 
 at 585. Yet, to reach this conclusion, the principal opinion does not analyze the actual language in the constitution but, instead, grafts language into the constitution that does not exist. There is no language stating the governor shall fill public vacancies unless otherwise provided by law
 
 and
 
 an alternative method is provided. While the legislature may not have provided an alternative method of appointment, there is an alternative available to fill the vacancy - the position merely remains vacant until the next general election.
 

 Words "used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning."
 
 Gray v. Taylor
 
 ,
 
 368 S.W.3d 154
 
 , 156 (Mo. banc 2012). This Court has held for over a century that the phrase "otherwise provided by law" means unless otherwise provided by statute.
 
 State ex rel. St. Joseph Lead Co. v. Jones
 
 ,
 
 270 Mo. 230
 
 ,
 
 192 S.W. 980
 
 , 981 (Mo. banc 1917) ;
 
 see also
 

 Yates v. Casteel
 
 ,
 
 329 Mo. 1101
 
 ,
 
 49 S.W.2d 68
 
 , 69 (1932),
 
 overruled on other grounds by
 

 State ex rel. DePaul Health Ctr. v. Mummert
 
 ,
 
 870 S.W.2d 820
 
 , 822 (Mo. banc 1994).
 

 Article IV, section 4 provides the governor may not make an appointment if it is "otherwise provided by law." This language in the constitution does not limit the authority of the legislature to provide an alternative statutory means to fill a public office vacancy; it also permits the legislature to provide by statute that the governor is prohibited from filling any vacancy. Section 105.030.1 clearly states the governor may not fill a vacancy in the office of lieutenant governor. Neither the constitution nor statutes indicate, mandate, state, or require there
 
 must
 
 be an alternative means to fill a public office vacancy.
 

 I would give the words in the constitution their plain and ordinary meaning. There is no inferred requirement "otherwise provided by law" means there must be a provision prohibiting the governor from filling the vacancy
 
 and
 
 delineating the method to fill that vacancy. The legislature has "otherwise provided by law"
 

 that the governor cannot fill the vacancy of the office of the lieutenant governor. Accordingly, because section 105.030.1 states the governor cannot fill the vacancy of the office of the lieutenant governor, I believe the governor is not authorized to appoint anyone to the office and the office should remain vacant until the next lieutenant governor is elected.